ROBERT YOUNG *v.* GUY DAVIS and others.

An order of the supreme court, setting aside a verdict as being against the weight of evidence, and on payment of costs, is not reviewable on appeal by this court.

It is the invariable practice of this court not to review orders made by the supreme court, granting new trials, on the ground that the verdict was either against evidence or against the weight of evidence.

*Appeal from an order made at a General Term of the Supreme Court, affirming an order of the Special Term, setting aside a verdict and granting a new trial on terms, on the ground that the verdict was against the weight of evidence.*

*N. B. Smith,* for the appellant.

*Gardner & Burdick,* for the respondents.

DAVIES, J. This action was commenced to recover the amount of a promissory note. The defense was usury. The action was tried at the Onondaga circuit, in October, 1858, and a verdict rendered for the plaintiff. No exceptions were taken to the charge by either party, and subsequently the judge who tried the case, upon the minutes, set aside the verdict and ordered a new trial. On appeal this order was affirmed at the general term, and the plaintiff now appeals to this court, and stipulates, if the order is affirmed, that judgment absolute may be rendered. The verdict was set aside as being against the weight of evidence, and on payment of costs by the defendants. Such an order is not reviewable, on appeal, by this court, and we have frequently so decided. The appeal presents no question of law for the determination of this court. A review of the correctness of the order made at the special term granting the new trial, on the ground that the verdict was

against the weight of evidence, would necessarily involve an examination of such evidence by this court. In *Old-field* v. *New York and Harlem Railroad Company* (14 N. Y. Rep. 310), we said that the question of setting aside the verdict as against the weight of evidence was properly addressed to the supreme court, which could reverse the judgment and grant a new trial on those grounds. But this court has no such power. It is invariably our practice not to review orders made by the supreme court granting new trials, on the ground that the verdict was either against evidence, or against the weight of evidence. In the present case no question of law is presented upon the admission or rejection of evidence, or the charge or refusal to charge of the judge, but the question is simply whether the order made by him granting the new trial upon terms as against evidence, was or was not properly made. His action in that regard is not subject to review in this case in this court.

MULLIN, J., also read an opinion in favor of dismissal. And all the other judges concurring, and agreeing that the judgment was right on the merits, appeal dismissed.