ABRAHAM X. PARKER, TRUSTEE, APPELLANT, v. BEN-
JAMIN F. JERVIS AND OTHERS, RESPONDENTS.

*Appeal—No Review of Questions of Fact—Code, Sections 264, 265.*

Upon appeal, where a trial was had before a jury, there is no power in this
Court, or in the General Term, to review the questions of fact.  If there was
any evidence upon which the finding of the jury could be sustained, their find-
ing was conclusive.

THIS is an appeal by the Plaintiff, from an order of the Supreme
Court, made at General Term, in the Fourth District, reversing a
judgment in favor of the Plaintiff, rendered on the.verdict of a
jury, and ordering a new trial.  The facts are stated in the
opinion of the Court.

*John H. Reynolds* for Appellant.
*Charles Tracy* for Respondents.

HUNT, J.—This action was brought to recover damages for the
taking by Defendants of certain personal property, assigned by
one George H. Goodridge to Wm. C. Chipman, for the benefit of
creditors.   The action was brought in the name of Chipman as
Plaintiff, and Chipman having died pending the proceedings, the
Plaintiff has been substituted as trustee and Plaintiff in his stead.
The Defendants justified the seizure as judgment creditors of
Goodridge, claiming that the assignment was fraudulent and void,
and that the property belonged to him.   After the evidence was
all introduced, the Defendants moved for a nonsuit, on the
ground that there had been no actual delivery or change of pos-
session of the assigned property.   The Court refused the motion,
and the jury found a verdict for the Plaintiff.   The Defendant
moved for a new trial at the Special Term, which was denied.
Upon appeal to the General Term it was held that the Plaintiff
should have been nonsuited, and for that reason the judgment
was reversed and a new trial ordered.   From this judgment of
reversal the Plaintiff appeals to this Court, stipulating that if the

order of the General Term be affirmed, judgment absolute shall be rendered against him.

It will be observed that the present was the case of a jury trial, and the proceedings upon the motion for a new trial are regulated by sections 264 and 265 of the Code. The proceedings when the trial is had by the Court, are regulated by section 268, and when a trial is had before a referee the appeal is regulated by section 272 of the Code. In each of the latter cases, viz., when the trial is had by the Court, or when it is had before a referee, this Court is authorized to review the questions of fact existing in the case, if it is certified in the order of reversal that the judgment was reversed on questions of fact. Upon appeals where the trial was had before a jury, there is no power in this Court, in any event, to review the questions of fact, nor do I find any such power existing in the General Term. In the classes of trials before a referee, and before the Court, power is expressly given to the General Term, by the sections quoted, to review the questions of fact; but when the trial is before a jury, no such power is given and none exists. If there is evidence competent upon the questions submitted, and sufficient to authorize their verdict, it is not open to reëxamination in the Court above. The finding of the jury is conclusive.

In the present case the Court below has not undertaken to review the finding of the jury upon the facts, in form, but after giving its idea of the evidence and its effect, say, " These indications added to the presumption which the statute implies, were sufficient to take the case from the jury, and it should have been so taken away," and thereupon the judgment was reversed and a new trial granted. I am obliged to differ from these conclusions, and am of the opinion that a fair case was presented for the judgment of the jury. What is the practice of this Court in such a case? In Sanford *v.* Eighth Ave. R. R. Co. (23 N.Y. 343), Judge Comstock lays down the rule in these words: "When the trial is by jury, we have no power, under the existing rules of law, to review any question of fact determined in the subordinate Courts. In this case, therefore, we should be obliged to affirm the order

granting a new trial, if that order could stand consistently with any view to be taken of the evidence given at the trial. But we are of opinion that after giving the Defendant the benefit of whatever conflict there may be in the testimony, and after examining the facts proved in the light most favorable to him, the Plaintiff was entitled to a verdict." The result arrived at in that case was the proper one, and the case was rightly decided. The principle announced I think was erroneous. It was not the duty of this Court " to affirm the order granting a new trial, if that order could stand consistently with any view of the evidence." Neither this Court nor the General Term had any right to review the facts. But a single question could arise before the General Term, and that was whether there was any evidence upon which the finding of the jury could be sustained. The weight of evidence, the criticisms upon it, and the inferences to be drawn from it, were for the jury exclusively. If the case admitted of different " views," the judgment of the jury was conclusive. So in the present case, if the General Term are to be understood as reviewing the facts, and overriding the judgment of the jury, they exceeded their jurisdiction, and their judgment cannot be sustained. If they intended to decide that there was no proof by which the assignment could be maintained, that giving full effect and credence to the Plaintiff's testimony, it did not sustain his claim, then a question of law was presented, properly passed upon by them, and properly to be considered here.

I will examine this question. The objection was that there was not an immediate delivery of the goods, and an actual and continued change of possession. The assignment was made to Chipman, a creditor living in the immediate vicinity. It was made in the afternoon, in an upper chamber of the store building, in the presence of witnesses. At the time of executing the assignment, the assignor delivered to the assignee the keys of the store, for the purpose of giving him dominion over the property. The former clerks were discharged by the assignor, and were again employed by the assignee to take charge of and remain with the goods for the assignee. They did so take charge and hold

the goods for the assignee, and in their actual possession. The assignee at the same time took the books, the notes, and accounts from the store to his office. The signs were taken down, and there is no evidence that the assignor after this period ever had or exercised any dominion or control over any of the goods, or that he was ever in or at the store where the goods were kept. The New York creditors were informed within a few days by the assignee in person, that an assignment had been made. This evidence shows a fair case of a delivery of the goods, and a continued change of possession under the assignment.

It cannot be denied, and need not be, that the conduct of the assignor and of the assignee, when in New York, immediately after the assignment, was open to criticism. Conflicting statements, however, were made, and as detailed by the assignee the transactions were much less objectionable than as detailed in the evidence of the creditors. It was for the jury to say which statement they would rely upon, and it was for the jury to say whether they credited the Plaintiff's evidence, to which I have before referred. By their verdict they affirmed that they did credit it. The Defendants then claimed, as they claim now, that the assignment was void : (1) Because of the want of delivery, and continued change of possession. (2) For actual fraud in the purpose and intent of the assignment. There was evidence sufficient to justify the jury in finding a delivery and change of possession, and in finding that there was no fraud. Having so found, we cannot interfere.

If any valid exception had been taken by the Defendants on the trial, the judgment of reversal could be sustained on that ground. None such is referred to by the Defendants' counsel in their points, and in examining the case I find but a single exception to the verdict on their part, and that is without merit.

Order for new trial should be reversed, and judgment upon the verdict affirmed.

All the Judges concur in the above except Judge GROVER.

Judgment accordingly.

JOEL TIFFANY,
State Reporter.
