ISAAC G. SANDS and JOEL S. WINANS, Appellants, *v.* CHARLES CROOKE, Respondent.

Sections 268 and 272 of the Code, which provide that a judgment shall not be deemed to have been reversed upon questions of fact, unless so stated in the order of reversal, apply only to cases tried by the court and a referee, and not to cases tried by jury.

If it appears in the latter case that the order granting a new trial was, or may have been granted upon questions of fact, this court will not entertain an appeal.

If exceptions appear in the case, which were well taken, the court would be justified in rendering judgment absolute for respondent, and they will only be examined, for the purpose of determining whether such judgment shall be rendered or the appeal dismissed.

Defendant owned a dock upon the Hudson river, which, prior to May 1st, 1867, had been used for freighting purposes, but was then not in use, which disuse detracted from its value. He entered into a parol agreement with plaintiffs by which he undertook, that in case they would carry on the freighting business from said dock and run a boat therefrom to the city of New York to the close of the season of navigation, he would guaranty them from all losses or damages incurred. Plaintiffs, in pursuance of the agreement, chartered a steamboat and conducted the business, as required, to the close of the season, and in so doing sustained a loss.

*Held*, that the risks and liabilities incurred by plaintiffs were a sufficient consideration for the promise of defendant, as was also the benefit secured to defendant's property; also, that the agreement was not void for want of mutuality.

(Argued November 23d, 1871; decided November 28th, 1871.)

APPEAL from order of the General Term of the Supreme Court in the second department, reversing a judgment entered on the verdict of a jury and granting a new trial.

The facts sufficiently appear in the opinion.

*A. Anthony,* for appellants. The only questions to be considered are those of law arising upon the exceptions. (Code, § 272; 34 N. Y., 370; 33 N. Y., 587.) A parol promise to indemnify for an act to be done is valid. (*Allaire* v. *Ouland,* 2 John. Ch., 52; *Messereau* v. *Lewis,* 25 Wend., 243.) The questions were properly determined by the court and jury. (*Hasbrook* v. *Paddock,* 1 Barb., 635; *Blossom* v. *Griffin,* 3 Ker., 569; *Phelps* v. *Bostwick,* 22 Barb., 314; *Spencer* v. *Babcock,* 22 Barb., 326; *Waldron* v. *Millard,* 3 Smith, 466.)

*G. F. Comstock,* for respondent. This court can review questions of law only. (*Dunham* v. *Watkins,* 12 N. Y., 556; *Griscom* v. *Mayor,* 12 N. Y., 586; *Oldfield* v. *N. Y. and H. R. R. R.,* 14 N. Y., 321; *Thurber* v. *Townsend,* 22 N. Y., 517; *Esterly* v. *Cole,* 3 N. Y., 502; *Borst* v. *Spelman,* 4 N. Y., 284; *Livingston* v. *Radcliffe,* 2 N. Y., 184; *Newton* v. *Bronson,* 13 N. Y., 687; *Johnson* v. *Whillock,* 13 N. Y., 344; *Davis* v. *Wynkoop,* 18 N. Y., 45; *Ex parte Bassett,* 2 Cow., 458.) An order granting a new trial cannot be reviewed, where the record shows it might have been granted on a question of fact. (*Hoyt* v. *Thompson, Ex'rs,* 19 N. Y., 208; *Griffin* v. *Marquadt,* 17 N. Y., 28; *Miller* v. *Schuyler,* 20 N. Y., 522; *Young* v. *Davis,* 30 N. Y., 134; *Vail* v. *Adams,* 5 N. Y., 161; *Dykers* v. *Allen,* 7 Hill, 49.)

Rapallo, J. This action was brought to recover certain losses sustained by the plaintiffs, and against which they alleged that the defendant had, by an oral agreement, undertaken to indemnify them.

The defendant was the owner of a dock and storehouse situate on the Hudson river at Poughkeepsie, which had, prior to May, 1867, been used for the freighting business, but were at that time not in use. The complaint alleges that the disuse of the property for that purpose detracted largely from its value, and that the defendant, being desirous of re-establishing the freighting business from his said dock, on or about the 7th of May, 1867, agreed with the plaintiffs to

grant to them the use of the dock and storehouse for the freighting season of 1867, and that in consideration that they would carry on the freighting business from the dock, from that date onward to the close of navigation, and run a boat therefrom to the city of New York for the transportation of freight and passengers, the defendant would pay all loss or damage they should incur thereby; and that it was further agreed between the parties, that, in case the business should prove profitable, the plaintiffs should pay the defendant for the use of the dock and storehouse the sum of not more than $300.

The complaint then alleges that in pursuance of the agreement the plaintiffs chartered a steamboat, and from the 21st of May, 1867, to the close of the freighting season conducted the freight business from said dock, in the same manner as the freighting business was and had been for many years past conducted from similar docks, and by freighters on the Hudson river, and in so doing sustained a loss of upward of $7,500.

The defendant, by his answer, denied the agreement to indemnify, and also set up that the plaintiffs' losses were caused by their own negligence in conducting the business; and further, that they did not grow out of the legitimate freighting business, but out of operations not included in such business.

The issues were tried by jury at the circuit, and a verdict was rendered in favor of the plaintiffs for $6,000 damages.

It appeared upon the trial that a large part of the plaintiffs' losses were incurred in buying and selling live stock and grain, which dealings, they contended, were necessary for the purpose of bringing custom to the boat.

The questions litigated at the trial related in the main to the facts of the case. The plaintiffs claimed that the defendant had agreed to indemnify them against all losses which they might sustain in the business, including not only the transportation or freighting business proper, but also their dealings in live stock and grain; and in support of this claim they introduced testimony (not excepted to) to the effect that

the defendant agreed to indemnify them against loss in the freighting business, and that other parties, engaged in a similar kind of freighting business, were in the habit of trading in stock and grain, and that such dealings were incidental to and included in the freighting business as customarily conducted.

The plaintiffs and witnesses called by them also testified, that the defendant was cognizant of the dealings of the plaintiffs in stock and grain, and sanctioned them, and that in some instances he directed the purchases to be made.

All of these allegations were controverted by the defendant. He testified that he never agreed to indemnify the plaintiffs against losses in the freighting business. That all that he said upon the subject was that if the plaintiff, Winans, would live at Poughkeepsie, and go upon the boat, and attend to the money matters he would guarantee that the plaintiffs should lose nothing by the boat. That he never sanctioned their dealings in live stock and grain, but advised against them, and that they were not part of the freighting business, and in corroboration of his version an estimate in writing was referred to, as having been the basis of the arrangement between the parties, which estimate showed the expected receipts and disbursements of the transportation business, but contained no reference to any trading in live stock and grain.

Witnesses on the part of the defendant also testified, that the freighting business did not include the purchase and sale of live stock and grain.

The court at the trial submitted to the jury the controverted questions as to the guaranty, and the subjects which it was intended by the parties to embrace.

The jury must have found in favor of the plaintiffs' version of the contract, as the amount of their verdict exceeded the loss incurred in the business of the boat.

A motion for a new trial upon the evidence, and upon exceptions, was made to the judge at circuit and denied, and judgment was thereupon entered upon the verdict.

An appeal from that judgment, and also from the order denying a new trial, was taken to the General Term, and was heard upon a case containing the evidence, as well as the exceptions taken at the trial. The General Term reversed the judgment and granted a new trial.

The appeal to this court from the order granting a new trial, seems to have been brought upon the assumption that sections 268 and 272 of the Code, which provide that a judgment shall not be deemed to have been reversed on questions of fact, unless so stated in the order of reversal, apply to cases tried by jury. But it will be seen by reference to those sections, that they apply only to cases tried by the court or a referee, and we have lately held, in the case of *Wright* v. *Hunter* (ante page 409. Rep.), that in cases tried by jury, where a new trial is granted, at General Term, we will not entertain an appeal from the order granting a new trial, if it appears from the return that such order was or may have been made upon questions of fact.

Where there is a substantial conflict in the testimony, and a motion for a new trial, upon the evidence, has been made at Special Term, or to the judge at circuit, and denied, and an appeal from that order taken to the General Term, the question of the weight of evidence is properly before the General Term ; and though there be also exceptions in the case, it is impossible to determine from the record that the new trial was granted upon the exceptions alone.

The appellant, therefore, in such a case fails to show that the General Term has committed an error of law in granting the new trial. If granted upon the evidence (the trial having been by jury), its decision is not reviewable in this court. 30 N. Y., 134 ; *Wright* v. *Hunter, supra.*)

The present case appears to have been before the General Term in proper shape for review upon the facts. There was a serious question, upon the evidence, whether the defendant's guaranty extended to the plaintiffs' operations in stock and grain, or was confined to the business of the boat, or the freighting business, and whether that business included the

dealings in question, and was so understood by the parties to the contract; and it may be that the court at General Term came to the conclusion that the weight of the evidence was in favor of the defendant upon that issue. If so, that was a sufficient ground for the order granting a new trial, without regard to the exceptions, or the disposition made of them.

It is not necessary, therefore, that we should examine the exceptions, except for the purpose of determining whether the appeal should be dismissed or the order affirmed, and the plaintiffs subjected to an absolute judgment against them. If any exception should be found to have been well taken, we should be justified in rendering an absolute judgment. (*East River Bank* v. *Kennedy*, 4 Keyes, 279.) But as the appellant's counsel claims to have been misled by the case of *Parker* v. *Jervis* (3 Keyes, 271), in which it is intimated that the General Term has no power in any case to review the finding of a jury, we are inclined to dismiss the appeal and leave the parties to a new trial, unless some point of law raised by the exceptions is necessarily fatal to the plaintiff's cause of action.

The only point we find which, if sustained, would have that effect, is that the agreement sued upon was void for want of consideration.

It is urged by the learned counsel for the respondent, that the business in question was to be conducted by the plaintiffs wholly for their own benefit, and that therefore, there was no consideration for an undertaking by the defendant to indemnify them against the losses which they might incur in that business.

But it must be borne in mind, that the plaintiffs were not embarked in the business when the guaranty was given. That the business was not free from risk, is shown by the result. According to the evidence of the plaintiffs, they were unwilling to incur the hazard of entering into the transaction without the defendant's guaranty, and so stated to the defendant, and the guaranty was the inducement to their engaging in the enterprise. By doing so, they not only devoted their

time and labor to the prosecution of the business, without compensation unless successful, but were obliged to incur the responsibility of chartering a steamboat and making the disbursements, and incurring the liabilities incident to the business. The incurring of these risks and liabilities by the plaintiffs was a sufficient consideration to support the defendant's promise. It is not necessary in such a case, that a benefit to the promisor should appear. It is sufficient that a liability is incurred by the promisee, and that the promise is the inducement to the transaction. (*Violett* v. *Patton*, 5 Cranch., 142, 150; *Chapin* v. *Lapham*, 20 Pick., 467.)

But, further, it is alleged in the complaint, and not denied in the answer, that the disuse of the defendant's property for freighting purposes detracted largely from its value, and there was some evidence in support of the allegation that the defendant was desirous of establishing the freighting business at his dock. The defendant was the sole judge of the adequacy of the consideration, and if, by giving the guaranty in question, he not only induced the plaintiff to incur liabilities, but also secured a real or fancied benefit to his own property, by causing it to be employed in the manner he desired, it cannot be said that there was no consideration for his promise.

Neither was the agreement void for want of mutuality. It is by no means clear that there was not such an undertaking on the part of the plaintiffs to carry on the business during the freighting season, as would have subjected them to an action for its breach, even while it remained executory. The amount of damages which could have been recovered for such breach cannot be material. But assuming that no obligation on the part of the plaintiffs was created at the time the defendant's promise was made, and that his promise or guaranty was merely on condition that the plaintiffs should perform the specified acts, yet the acceptance of the guaranty and full performance under it of the conditions, would render it obligatory upon the defendant. (*Kennaway* v. *Treleavan*, 5 Mees. & Welsb., 501; *Morton* v. *Burn*, 7 Ad. & El., 19, 22.)

For the reasons before stated, the appeal should be dismissed with costs.

All concur.

Appeal dismissed.