Allen, J.
 

 This is another of the cases in which the plaintiff has by stipulating that, upon an affirmance by this court of the order granting a new trial, judgment absolute shall go against him, incurred the peril of an adverse decision upon any one of several exceptions, none of which or all together present questions, which decided adversely to him would be necessarily fatal to the action, rather than avail himself of a second trial upon which every objection now taken and made to a recovery might be obviated. When a new trial has been granted in an action tried by a jury upon a record presenting questions of law only, and the record presents no question or exception upon which the order could be sustained in this court, except such as, if decided adversely to the party complaining of the order, would be conclusive against him in the action, that is, necessarily fatal to his action or defence, so that in no aspect his case can be varied or put in better form upon a re-trial, an appeal to this court from the order is proper and advisable. In such a case the delay and expense of a new trial would be nugatory, and the party hazards noth
 
 *509
 
 ing by the appeal. This court is not authorized to review the facts, or sit in judgment upon the verdicts of a jury. Courts of original jurisdiction have that power, and in its exercise they have a discretion, and may grant new trials, for the reason that a verdict is, in their judgment, against the weight of evidence, and justice requires that the cause should be submitted to another jury, as well as for error and mistake of the jury, or because the damages were excessive, and for other causes; but the action of such courts in granting new trials, for these and the like reasons, are not reviewable here. The decisions of this court are uniform, that when, after a trial by jury, a new trial is granted by the court below, this court has no power to review a question of fact.
 
 (Sanford
 
 v.
 
 Eighth Ave. Railroad Co.,
 
 23 N. Y., 343;
 
 Young
 
 v.
 
 Davis,
 
 30 N. Y., 134.) When the record brought into this court presents a case in which the court below may have granted the new trial upon questions of fact, or, in other words, when it does not appear by the record that the new trial must have been granted on questions of law, the court cannot review the decision.
 

 It follows, that to justify an appeal to this court from an order granting a new trial, in an action tried by a jury, there should be no dispute as to the facts, and the questions presented must be purely of law. This whole subject has been deliberately considered by this court in
 
 Wright
 
 v.
 
 Hunter
 
 (46 N. Y., 409) and
 
 Sands
 
 v.
 
 Crook
 
 (46 N. Y., 564); and the appeals were dismissed, for the reason that the orders appealed from did not appear by the record to have been granted solely on questions of law. The opinions of Judge Rapadlo were unanimously concurred in by the court, and must be regarded as definitively settling the practice as well as the extent of the jurisdiction of this court in appeals like this.
 

 In
 
 Wright
 
 v.
 
 Hunter
 
 it was decided, that when, in a case tried before a jury, the judgment has been reversed and a new trial granted upon questions of fact, an appeal will not lie to this court. In
 
 Sands
 
 v.
 
 Crook,
 
 the principle was
 
 *510
 
 applied where there was a conflict of evidence upon the principal issues, and a verdict rendered for the plaintiff.
 

 A motion for a new trial upon the evidence and upon exceptions was made before the judge at circuit, and denied, and judgment entered upon the verdict. Upon an appeal from the judgment and the order, the General Term reversed the judgment and ordered a new trial. The appeal to this court from the order of the General Term was dismissed. Judge Rapaelo says, in his opinion, which was adopted by the court: “ When there is a substantial conflict in the testimony, and a motion for a new trial upon the evidence, has been made at Special Term, or to the judge at circuit, and denied, and an appeal from that order taken to the General Term, the question of the weight of evidence is properly before the General Term; and, though there be also exceptions in the case, it is impossible to determine from the record that the new trial was granted upon the exceptions alone. The appellant, therefore, fails to show that the General Term has committed an error of law in granting the new trial.”
 

 This case is, in principle, on all fours with that of
 
 Sands
 
 v. Crook, and the remarks quoted are entirely applicable to it.
 

 The question litigated was purely of fact, and the evidence on the part of the plaintiff tended strongly to establish the fact upon which the right of action depended, to wit, the negligence of the defendant’s servants and agents, from which the plaintiff’s intestate received the injury complained of, and if believed, entitled the plaintiff to a verdict. The testimony on the part of the defendant was in direct conflict with that of the plaintiff, and the whole evidence was submitted to the jury, who found a verdict for the plaintiff. An appeal was taken to the General Term from the judgment and the order denying the new trial, and the order and judgment were reversed and a new trial granted. The whole case upon the evidence, upon the exceptions, and upon the question of damages was before the court -at General Term, and the new trial may have been granted for either of the causes stated, and the record does not show upon which
 
 *511
 
 ground it was granted. The Code does not provide for a statement of the grounds for granting a new trial in actions tried by a jury. In actions tried by the court or referee, if a new trial is granted upon questions of fact it may be so stated in the order, and this court may in such case review, upon appeal, the facts. In
 
 East River Bank
 
 v.
 
 Kennedy
 
 (4 Keyes, 279) the learned judges inadvertently failed to distinguish between appeals from orders granting new trials in actions tried by a jury and in those tried by the court or a referee, and hence much that is said is not applicable to cases like the present; but the inadvertence did not affect the result in that particular case.
 

 The questions of law raised by the exceptions'are unimportant, and may all be obviated upon a second trial. There are no insuperable legal objections to the plaintiff’s right of recovery presented by the record, and the question of fact upon which the new trial may have been granted not being reviewable in this court, the appeal must be dismissed. This court might doubtless affirm the order, for the reason that the record does not show that any error of law was committed by the court below, but as the plaintiff has evidently mistaken the practice and his rights it is proper to follow the precedent of
 
 Wright
 
 v.
 
 Hunter
 
 and
 
 Sands
 
 v.
 
 Crook,
 
 and dismiss the appeal.
 

 The question may arise hereafter whether, if parties do not elect to apply for leaye to dismiss such appeals as fall within the principle of this and the cases already decided, but insist upon the experiment of submitting the case to the court, they should not abide by their stipulation and have judgment absolute against them.
 

 Appeal dismissed with costs.
 

 All concur. Appeal dismissed.