WILLIAMS, appellant, v. WIETING.

*Pleadings — set-off — counter-claim. Evidence.*

In an action in a justice's court by a veterinary surgeon for professional services, the defendant denied the complaint and gave notice of a set-off and recoupment, and at the trial evidence was offered by the defendant to show that he had purchased a team of horses relying on plaintiff's professional recommendation and his promise to. be responsible if they did not prove to be as represented ; and that the team were not as represented. This evidence was objected to on the ground that it was not a part of the transaction sued upon and could not be the basis of a set-off or recoupment. The evidence was admitted. *Held,* correct. The evidence constituted a good counter-claim, and the objection not being made that the counter-claim was not properly pleaded, the pleading should be regarded as amended.

APPEAL from a judgment of the county court of Onondaga, affirming a judgment in a justice's court, in favor of defendant. The action was brought by Edward P. Williams against John M. Wieting, to recover for professional services as a veterinary surgeon, and for medicine. The plaintiff claimed a judgment of $46.50. The defendant denied the complaint and gave notice of a set-off and recoupment. At the trial the defendant offered evidence to show that he had purchased a team of horses relying on plaintiff's professional skill and judgment and upon his promise to be responsible for them if they did not prove to be as represented; and that the team was not as plaintiff represented, and was, in fact, of little value. The evidence was objected to on the ground that it was not a part of the transaction sued upon, and that it could not be the

basis of a set-off or recoupment. The objection was overruled and the evidence received. The justice rendered a judgment in favor of the defendant for costs. The county court affirmed the judgment, and plaintiff appealed to this court

*R. H. Gardner,* for appellant.

*Gott & Garfield,* for respondent.

GILBERT, J. The facts proved by the defendant constitute a good counter-claim. 2 Wait's Pr. 431. Although it does not appear that the plaintiff was benefited by the sale of the horses, yet they were purchased by the defendant on the faith of his promise that if they were not as he represented he would be responsible. The risk incurred by the defendant in paying the price of the horses was a sufficient consideration for the defendant's promise. It is not necessary in such a case that a benefit to the promisor should appear. It is sufficient that a risk is incurred by the promisee, and that the promise is the inducement to the transaction. *Sands* v. *Crooke,* 46 N. Y. 564; Chit. on Cont. (11th Am. ed.) 28.

The counter-claim was not well pleaded. But the objection of the plaintiff was not put upon that ground. If it had been, no doubt the justice would have ordered an amendment. No injustice can be done by treating the pleading as having been amended. *Bate* v. *Graham,* 11 N. Y. 237.

The plaintiff cannot complain that the judgment against him is too small.

*Judgment affirmed, with costs.*