By the Court.—Freedman, J.
Defendant’s objections to the sufficiency of the complaint as to the va *89 lidity of the agreement between the parties are not well founded. The complaint states the employment of the plaintiff by the defendants as their agent to do and perform certain work, labor, and services for them, “upon certain conditions and terms, more fully set out in a certain memorandum of agreement which is hereto annexed, marked, ‘Exhibit A,’ and forms part of this complaint.’ ’ A full copy of the agreement thus referred to was in point of fact annexed to the complaint. The latter, therefore, sets forth the whole of the agreement, and no reason can be perceived why the same should not be held to be a valid agreement. That it is not expressly averred in the body of the complaint that the whole of the agreement was in writing, is utterly immaterial. The strictness formerly prevailing in regard to pleadings has been relaxed under the Code. Section 159 provides, that in the construction of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view of substantial justice between the parties.
In all respects the complaint contains every element necessary to state a cause of action founded upon plaintiff’s wrongful discharge before the expiration of his term of service, and plaintiff having proved a clear violation of the agreement by the defendants, it would have been error to dismiss his complaint. When there is a valid contract and it has been broken, the plaintiff is entitled to recover such damages as necessarily ensue from the non-performance or breach. These are general damages, and they need not be expressly detailed in the complaint, but are recoverable under the common conclusion (Chitty on Contracts, 985, edition of 1860, and cases cited).
If special damages are claimed, they must be stated in the complaint to prevent surprise on the trial, and so as to show that the plaintiff is entitled to them.
But upon the breach of a valid contract the plaintiff *90 is entitled to some damages, although it may be difficult to ascertain the amount, and they may be nominal only (Chitty on Pleadings, vol. 1, 338; Sedgwick on Measure of Damages ; Devendorf v. West, 43 Barb. 237).
The alleged excessiveness of the damages given by the jury can not be considered on the present appeal, the same being from the judgment only. The only questions that can be reviewed on such an appeal, are questions of law (Parker v. Jervis, 3 Keyes, 271; Magee v. Osborn, 33 N. Y. 669).
The exception to the decision of the motion for a new trial upon the minutes of the court, is also unavailable upon the appeal from the judgment. The only mode for reviewing such decision is by an appeal from the order (Gregg v. Howe, 37 N. Y. Sup'r Ct. R. 434).
Moreover the appellants have already been heard on their separate appeal from such order and the order has been affirmed.
These views substantially dispose of all the exceptions taken by the defendants, except those which relate to the admission of evidence showing the amount of orders obtained by the plaintiff, and those which arise upon or in connection with the charge of the court ón the question of damages.
The evidence as to the amount of the orders obtained by the plaintiff, and executed by defendants, whilst the plaintiff was in the employ of the defendants, was introduced to lay a foundation upon which plaintiff’s general damages could be computed. In his complaint the plaintiff did not limit himself to those orders which he succeeded in obtaining after he had been expelled from the office which afforded him most of his facilities for procuring orders by reason of its immediate vicinity to the stock exchange. He expressly averred, as the gravamen of his action, “that while the said agreement *91 was still in full force and effect, and without any justifiable cause, the said defendants discharged this plaintiff from, their employment, and expelled him from the office which he had held at their instance and request, and refused to recognize his authority to act for them under such agreement, or to repay said advances. That at the time of the breach aforesaid of the said agreement, the said plaintiff was doing a large and profitable business for the said defendants, and earning large commissions for himself therein.”
As the plaintiff, therefore, was entitled to recover, as general damages, damages for the loss of profits which he would have realized, the evidence was admissible under the rule which allows past profits to be proved as a basis for the estimation of probable profits. Upon the same principle it was also competent to show the orders actually received by the plaintiff- subsequent to his discharge and up to the time of the expiration of the agreement, and the disadvantages under which they were obtained. The proof upon this point was not objected to as incompetent, but defendants endeavored to prevent its introduction by raising other objections, which were clearly and palpably untenable.
Now as to the business done by plaintiff prior to his discharge, the court charged that there was no proof that that business would have continued at that average ; that it might have been less and it might have been more, and "that, therefore, it was for the jury to say, as sensible men, what amount of business the plaintiff would have done, if he had not been discharged.
As to the orders procured after his discharge, the jury were instructed that the plaintiff could not recover commissions on them as such, but that they might be considered in estimating what amount of business the plaintiff would have done, if he had been allowed to continue at the place provided for by the agreement.
There was no error in these instructions, nor in the *92 refusal to charge otherwise, and the jury were thereby limited as to the effect to be given to the proof..
There being no error in the rulings below, the judgment should be affirmed, with costs.
Speir, J., concurred.