McEnteere agt. Little.

# N. Y. COMMON PLEAS.

## MARY ANN McENTEERE agt. WILLIAM McCARTHY LITTLE, as executor, &c.

*Appeal — from general term marine court to general term of court of common pleas — Practice in.*

The statutes regulating appeals from the general term of the marine court to the court of common pleas entirely assimilate the practice upon such appeals to that governing appeals to the court of appeals.

The practice of this court should, therefore, be the same as that laid down by the court of appeals, viz., that appeals *must* be dismissed where it appears by the return that questions of fact were legitimately before the general term of the marine court, and that the evidence was such that the court *may* have reversed the judgment on the facts.

Where a trial was had in the marine court before a judge and jury which resulted in a disagreement of the jury, and on the second trial a verdict was rendered for the plaintiff, and upon an appeal to the general term of the marine court, the case being before the general term in such a form that the exceptions and the evidence all passed under the review of that tribunal, which reversed the judgment and ordered a new trial, with costs to abide the event; on appeal by plaintiff from this decision to the court of common pleas general term:

*Held*, that the appeal should be dismissed and the plaintiff remitted to her new trial.

*General Term, November*, 1878.

APPEAL from an order of the general term of the marine court of the city of New York, reversing the judgment entered upon the verdict of the jury in favor of the plaintiff.

The action was brought to recover $120 cash loaned the defendant, and $235 due for wages as the lady's maid of the defendant. The answer was a general denial; a trial between

the parties in the municipal court, Paris, France, in which judgment was rendered for defendant; the discharge of the plaintiff in Rome, Italy, March 9, 1867, during the carnival, for cause and payment in full at the time.

The action was tried on the 13th day of March, 1876, in the marine court of the city of New York, before a jury, who rendered a verdict for the plaintiff, upon which judgment was entered for the sum of $752.35 against the defendant.

The evidence was very conflicting, and there were exceptions to rulings upon the trial, and to the charge of the judge to the jury.

The defendant appealed to the general term of the marine court, who reversed the judgment without writing any opinion, or assigning any reason.

' From the order of reversal the plaintiff appealed to the general term of the court of common pleas.

*George F. Langbein*, for plaintiff, appellant.

*Richard M. Henry*, for defendant, respondent.

VAN HOESEN, *J.* — This is an action for wages and for money lent. The defendant pleaded (1st) a general denial, (2d) a former adjudication in her favor in a suit on the same demands, brought against her by the plaintiff in France, and (3d) full settlement and payment in Rome. The defendant's counsel took various exceptions during the trial and after the verdict, which was in favor of the plaintiff, made a motion for a new trial on the minutes, on the ground that the verdict was against the weight of evidence, and on the further ground that there was not sufficient evidence to support the verdict. The court at trial term denied the motion for a new trial, and the defendant excepted, and then appealed to the general term of the marine court from the judgment, and also from the order denying the motion for a new trial. The case was before the marine court, general term, in such a form that the

McEnteere agt. Little

exceptions and the evidence all passed under the review of the tribunal, which reversed the judgment and ordered a new trial with costs to abide the event. From that order of the general term the plaintiff appealed to this court. The counsel for the appellant insisted upon the argument that the general term reversed the judgment on the ground that the verdict was against the evidence. That proposition involved consequences fatal to the appeal. The changes that have, within the past few years, been made in the laws respecting the marine court, have altered the rules which formerly governed appeals from that court to the common pleas.

The marine court may grant new trials, and an appeal may be taken to the court of common pleas, where that power is exercised (*Secs.* 9, 10 *and* 11, *chap.* 629, *Laws of* 1872; *sec.* 9, *chap.* 545, *Laws of* 1874; *sec.* 43, *chap.* 479, *Laws of* 1875).

The language of the acts of 1874 and 1875, is certainly broad enough to embrace an appeal from an order granting a new trial, on the ground that the verdict of the jury was against evidence, but such, I think, was not the intention of the legislature. The language of the acts above cited is similar to, not identical with, the language of section 11, Code of Procedure. That section authorized appeals to the court of appeals from orders granting new trials, but until section 268 and 272 were amended so as to provide for a review of the findings of fact, made by a single judge or by a referee, there was no way in which the court of appeals could, on an appeal from an order granting a new trial, pass upon the evidence and the correctness of the findings. And to this very day, though the Code explicitly authorizes an appeal to the court of appeals from an order granting a new trial, there is no method known to the law by which that court can reverse the action of the general term in setting aside a verdict as against the weight of evidence. Where only pure questions of law are involved, an appeal from an order granting a new trial will lie to the court of appeals, but where the general term term sets aside a verdict as against evidence, the appeal

will be dismissed, or judgment absolute against the appellant will be pronounced by the court of appeals, unless the uncontradicted evidence indisputably shows the right of appellant to a judgment in his favor (*Wright* agt. *Hunter*, 46 *N. Y.*, 409 ; *Sands* agt. *Crooke*, 46 *N. Y.*, 569 ; *Wagner* agt. *H. R. R.*, 70 *N. Y.*, 615).

There is a long line of decisions of the court of appeals holding that the mere jurisdiction to entertain an appeal from an order granting a new trial did not impose on that court the duty of weighing conflicting evidence (*See Hoyt* agt. *Sheldon*, 19 *N. Y.*, 207 ; *Muller* agt. *Schuyler*, 20 *N. Y.*, 522 ; *Young* agt. *Davis*, 30 *N. Y.*, 134).

I think the same effect must be given to the acts of 1874 and 1875 as was given to section 11 of the Code of Procedure, and that the court of common pleas which, with respect to the marine court, is the court of last resort, cannot, with propriety, examine the testimony taken at the trial for the purpose of determining whether the general term or the jury was right in its weighing of the evidence. Whether under the present state of the law it is competent for this court to review the facts on an appeal from an order of the marine court, granting a new trial, where the action has been tried before a single judge or a referee, it is not now necessary to determine. If this court cannot review the order appealed from, and I think it clear that it cannot, if, as the appellant contends, a new trial was granted on the ground that the verdict was against the weight of evidence, it becomes important to determine what disposition should be made of this case. It appears that the respondent took exceptions which were properly included in the case. One at least of those exceptions seems to me to be good. The general denial pleaded by the defendant put the plaintiff to her proofs. There was a direct conflict between the plaintiff and the defendant as to the rate of wages to be paid, the plaintiff claimed twenty-five dollars per month and the defendant insisting that sixteen dollars per month was the amount agreed upon. Under the

circumstances the justice at the trial told the jury that the burden of proof was on the defendant and that the plaintiff's claim was admitted. To that instruction the defendant's counsel excepted. That the instruction was wrong and that it must have prejudiced the defendant's case is obvious. For that error of the judge at the trial the general term may very properly have reversed the judgment and ordered a new trial. The exception to that instruction having been well taken, I think absolute judgment should be rendered against the plaintiff (*East River Bank* agt. *Kennedy*, 4 *Keyes*, 279 ; *Sands* agt. *Crooke*, 46 *N. Y.*, 279; *Cobb* agt. *Hatfield*, 46 *N. Y.*, 537, 538).

Order affirmed and judgment absolute againt the plaintiff.

Chief justice DALY concurred.

A motion was thereupon made at the next general term, January, 1879, to modify this decision.

*George F. Langbein*, for the motion, made and argued the following points :

I. If the court of common pleas has not now power by law to review the facts on an appeal from an order of the general term of the marine court reversing a judgment trial by court and jury and granting a new trial the court of common pleas had no power to render judgment absolute against the plaintiff, and it should have dismissed the appeal. This is the practice and was done in all the cases cited in the opinion of the court (*Wright* agt. *Hunter*, 46 *N. Y.*, 409 ; *Sands* agt. *Crooke*, *id.*, 569 ; *Wagner* agt. *H. R. R.*, 20 *id.*, 615).

Each of these cases were appeals to the court of appeals, and the court dismissed the appeal and left the plaintiff to the new trial so that justice might be done, unless there was some point of law raised by the exceptions which was necessarily fatal to the plaintiff's cause of action.

In the case of *Sands* agt. *Crooke* (46 *N. Y.*, 564) the court of appeals so held, after holding that if the general term of

the court below granted a new trial upon the evidence, its decision was not reviewable in that court, they examined the exceptions to see if the appeal should be dismissed or the order affirmed and the plaintiffs subjected to an absolute judgment against them. They then examined the exception whether the agreement sued upon was void for want of consideration, they found it was not, dismissed the appeal and left the plaintiffs to a new trial.

II. The court of common pleas, after holding they had no power to review the evidence, took up one of the exceptions to a refusal to a request to charge, and holding this exception well taken affirmed the order and rendered judgment absolute against the plaintiff!

*a.* With great respect there is no justice or reason in such action. If the justice below made an error in the conduct of the trial which is not fatal to the plaintiff's cause of action, why should she not be allowed her new trial?

*b.* No reason is given, and it is hard to imagine any, for rendering judgment absolute against the plaintiff. Even if this was a case where the court had a right to exercise such a power the power is discretionary. The court may do so, and it has no right to exercise the power arbitrarily. Some facts or reason must exist in justice to cut off the plaintiff from her new trial and to deprive her from all remedy to obtain what a court and jury once said was her right.

*c.* Any other construction of section 43, subdivision 2, Laws of 1875, chapter 479 of the marine court act, is against all reason as applicable to an inferior court where there is less learning and ability and mistakes are more likely to occur. It is the court where poor people mostly sue, and they should not be treated with such harsh severity of construction.

*d.* No case has yet been reported in the books upon the construction of this section, and lawyers and clients, therefore, should not be charged strictly with it against them. Especially in this case a proper examination of the evidence will show that this is not a case where severity should be

McEnteere agt. Little.

exercised against the plaintiff. On the contrary, this is a case where the plaintiff is right upon the merits, and justice requires mildness and leniency in the exercise of the forms and practice of the law.

*e.* It must be remembered that this section forty-three cannot be construed in analogy to section 11 of the Code of Procedure in force when the act of 1875, section forty-three was passed. An appeal to the court of appeals could not be taken unless "the notice of appeal contained an assent on the part of the appellant that if the order be affirmed judgment absolute shall be rendered against the appellant."

If the same provision had existed in section forty-three on this appeal, from the marine court, perhaps the plaintiff would not have appealed, but would have rested content to take her new trial.

No such, or other, stipulation was given in this case and none was implied in law. The court "may" render judgment absolute if it finds no error was committed in granting the new trial. We say this means error affecting the cause of action, so that a new trial would be useless, as is the practice and justice of the court of appeals. (The court of common pleas should not adopt sharper or severer measures than the court of appeals.) Again no reason exists, in common sense or logic, to deprive the plaintiff of her new trial, simply because she appealed to the court of common pleas. With great respect, there is no justice, logic or reason in the disposition of this case by the court. It says we cannot review the evidence on this appeal therefore the plaintiff cannot have the new trial, but we must render judgment absolutely against her; we have examined one of the exceptions to the refusal of the court to charge the jury, and the exception is good, the judge committed an error, this was not fatal to the plaintiff's cause of action at all, and upon a new trial the error could be avoided, *ergo*, we do not give the plaintiff the new trial as granted by the general term of the marine court, but we render judgment absolute against her.

McEnteere agt. Little.

What just reason actuated the court in rendering judgment absolute against the plaintiff? Because she appealed from an order granting a new trial, and the statute says, the court may render judgment absolute if it finds no error was committed. Would it not be an arbitrary exercise of power to render judgment absolute upon these grounds when the plaintiff's case is meritorious; when she has a good and just cause of action; when a jury said she had been deprived of money loaned and her wages by her employer? Wherein is the right or justice in not placing her where she was before the appeal?

We appeal to the conscience of the court on behalf of the plaintiff (*See Griffin* agt. *Marquardt*, 17 *N. Y.*, 28).

III. It was always understood that the court of common pleas was the court of review on the facts and the law on appeals from the marine and district courts, so that these courts had some supervising power over them on the decision of facts.

It is in analogy to the surrogate's court and the supreme court general term. The latter reviews the facts decided by the surrogate. The whole case comes up for review, having regard only that the surrogate had the witnesses actually before him.

If the marine court general term reversed on the facts then the common pleas general term has a right to examine into the correctness and fairness of the decision, for that opens for consideration whether the judges of the general term were right in holding that the jury did not weigh the evidence properly, or were influenced by prejudice, passion or mistake, and, therefore, erred on questions of fact (*Bebee* agt. *Mead*, 33 *N. Y.*, 587; *Peterson* agt. *Rawson*, 34 *id.*, 370; *Smith* agt. *Ætna Life Ins. Co.*, 49 *id.*, 211).

2d. But as the judges of the general term did not give any reason for their reversal, nor state that they reversed the same on questions of fact, and simply reversed the judgment and ordered a new trial, it is not to be deemed to have been

McEnteere agt. Little.

reversed on questions of fact but upon questions of law only. Therefore the facts stand, and remain as found by the jury, and the only question is, was a substantial error committed upon the trial?

The court fell into an error, as appears from the latter part of the opinion, as to the exception to the refusal to charge. The position of the parties as to the issues raised by the pleadings was changed during the trial. It became a question of payment by the defendant of the money advanced and the wages to the plaintiff. The question of the rate of wages no longer became important. The defendant claimed that she had paid plaintiff in full, and this became the main issue. The defendant had the affirmative of this issue and the judge's charge was right.

VAN BRUNT, J.— As the papers upon the appeal show that the general term of the marine court may have reversed the judgment of the trial term for error of fact and not from error of law, no reargument of the appeal can possibly be necessary as this court cannot consider the appeal upon its merits. As has been shown by the opinion of Mr. justice VAN HOESEN already delivered in this case, the statutes regulating appeals from the general term of the marine court to this court, entirely assimilate the practice upon such appeals to that governing appeals to the court of appeals. The practice in that court is distinctly laid down, that appeals must be dismissed where it appears by the return that questions of fact were legitimately before the general term, and that the evidence was such that the court may have reversed the judgment on the facts. This rule was laid down at the present general term of this court in the case of *Fay* agt. *Hazeltine,* where the court dismissed the appeal upon the ground that the reversal of the judgment of the general term of the marine court, may have been upon questions of fact which conclusion was arrived at with great reluctance, as such dismissal worked a great hardship upon the plaintiffs, and the court thought that there was a fair conflict of testimony upon which the verdict of a jury should have been final. I do not think, in the case at bar, however, that the judgment should have been affirmed, but that the appeal should have been dismissed, and the plaintiff remitted to her new trial.

The order of the general term should be modified accordingly.

C. P. DALY, Ch. J., and LARREMORE, J., concurred.