ARTHUR C. BIGELOW, Respondent, *v.* JAMES LEGG, Appellant.

*Court of Appeals, March* 26, 1886.

1. *Order denying new trial.—Not reviewable.* An order denying a motion for a new trial made upon the minutes of the judge, on the ground that the verdict was against the weight of evidence and excessive, is, so far as it depends upon the weight of evidence, not reviewable in the court of appeals.

2. *Measure of damages.*—The measure of damages for breach of contract on sale of goods by the purchaser, is the difference between the market value of the goods at the time of the breach of contract, and the price at which the purchaser agreed to take them.

3. *Same. Auction.*—The price obtained, after such breach, upon a resale, within a reasonable time, although at auction, is evidence of the market value of an article, and to be allowed such weight as the circumstances of the sale entitle it.

4. *Evidence. Sales note.*—An offer by defendant's counsel to show that a sales note, introduced by plaintiff's counsel without objection, was a mere memorandum, which, according to the custom of brokers and dealers in wool, amounted to a proposition which might be rejected or accepted by either side, and which, until rejected or accepted by both, was left open, is properly refused. The terms of the note are of no importance, unless the persons signing it were in fact the brokers or agents of the part for whom they profess to act, nor unless the contract, expressed by these terms, was one which they were authorized to make; and even in such case, no usage can control the rule of law applicable to its construction.

This action was brought to recover damages for an alleged breach of a contract of sale of a quantity of wool by plaintiff to defendants. On the trial, the principal question was as to the terms of the contract, and this the jury found in favor of plaintiff.

Appeal from judgment of the general term, affirming a

judgment in favor of the plaintiff entered upon a verdict of a jury, and also affirming an order denying a motion for a new trial.

*Mr. Thain,* for appellants.

*Mr. Ward,* for respondent.

DANFORTH, J.—The complaint states that in January 1883, the plaintiff (doing business in Boston under the name of Arthur C. Bigelow & Co.) sold the defendants a certain lot of wool, viz., 34,388 pounds at thirty-five and a half cents per pound; that a portion of the wool was delivered to the defendants, but they refused to take the balance, to his damage, $1,176.08. The answer of the defendants is a substantial denial of these allegations, coupled, however, with a statement that at the time referred to they looked at the wool, and made an agreement to buy of the plaintiff a certain portion, viz., thirty bags of it at the price named, and if, upon examination, that proved satisfactory, to purchase the remainder at the same price per pound; that upon examination of the wool delivered they found in it too much stuffing, or as it is explained, unwashed, unmerchantable wool, and they thereupon refused to accept it and so notified the plaintiff. They also set up that a portion of the wool received by them proved to be of an unmerchantable quality, and they returned it to the plaintiff, at the same time paying him the sum of $1,867.84 as the full amount of the purchase-money for the wool so received, after deducting that rejected and returned.

Upon the trial of these issues evidence was given by both parties and submitted to the jury, under directions by the trial judge that from it they should determine what were the terms of the contract between the parties—whether they were as stated in the complaint, or as stated in the answer. If the former, then the defendants were bound to take the remainder of the wool; but if, on the other hand, the con-

tract was, as set up in the answer, for a sale of the thirty bags to be delivered at once, a conditional sale of the remainder, in case the thirty bags turned out good, then if they proved to be good it came to the same thing. "If not, however, then the defendants were entitled to be relieved from their contract, and were not obliged to take the rest of the wool." There was some modification of the charge upon suggestion of the defendants' counsel, and apparently it was then satisfactory to him. No point against it is presented on this appeal, nor was any claim made at the trial that the questions submitted were not warranted by the evidence, or that it was insufficient to authorize a recovery by the plaintiff. A motion, however, was made upon the minutes of the judge for a new trial, on the ground that the verdict was against the weight of evidence and excessive. It was denied. The same question is raised here by an appeal from the order. So far as it depends upon the weight of evidence, it was not reviewable in this court. Young *v.* Davis, 30 N. Y. 134 ; Barrett *v.* Third Ave R. R. Co. 45 id. 628.

As to the damages, the court charged the jury that, if their verdict was for the plaintiff, it should be the difference "between the market value of the wool at the time of the breach of the contract, and the price at which the defendants had agreed to take it." This is not only the general measure of damages in such cases, but no exception was taken to the charge in this respect, and it became the rule by which both parties were bound. The refusal of the defendants to take the wool was on the 12th of January. It was sold at auction on the 19th, after notice to the defendants, and the court charged that the price then realized might be taken into consideration in fixing the market value. Complaint is now made of this direction. It was not excepted to at the trial. It was proper in itself. The price obtained after such default, upon a resale, within a reasonable time, although at auction, is evidence of the market

value of an article, and to be allowed such weight as the circumstances of the sale entitle it to. Gill *v.* McNamee, 42 N. Y. 44.

In the course of the trial the plaintiff introduced in evidence, without objection by defendants, a sales note, dated "Boston, January 10, 1883," in these words:

"Sold for account of Mess. A. C. Bigelow & Co. Boston, to Mess. James Legg & Co. Mapleville, R. I., 30*l*, 35,000 lbs. Michigan x fleece wool. Like 30 bags shipped January 8, 1883. Wool to be handled by Mills & Coffin at 35½c. p. lb. Fare. Terms, net cash.

"MILLS & COFFIN, *Brokers.*

This note was in duplicate. A copy was sent by the brokers to each party on the day of its date. The defendants' counsel offered to show that this sales note was a mere memorandum which, according to the custom of brokers and dealers in wool, amounted to a proposition which might be accepted or rejected by either side, and which, until rejected or accepted by both, was left open. This was objected to, the objection sustained, and exception taken by the defendants. We think it cannot prevail. The terms of the note, however comprehensive, are of no importance, unless the persons signing it were in fact the brokers or agents of the party for whom they professed to act, nor unless the contract expressed by these terms was one which they were authorized to make. If that in question was of such character, no usage could control the rule of law applicable to its construction. The defendants did in fact return the note or sales contract in a letter, the words of which were also before the jury. Whether they amounted to a repudiation of the contract, or a disavowal of the authority of the brokers, was a question which might have been submitted to

them had the defendants desired.   They neither asked that nor did they raise any question as to the original employment of the brokers.

We find no error in the proceedings, and think the judgment appealed from should be affirmed.

All concur, except RAPALLO, J., absent.