### HASTINGS v. CLAFFLIN et al.

*(Supreme Court, General Term, Third Department. May 21, 1891.)*

**FRAUDULENT CONVEYANCES—PROVINCE OF JURY.**

In an action for the alleged wrongful taking of personal property under an execution against one H., plaintiff's husband, it appeared that plaintiff's mother assigned to plaintiff a judgment obtained by her against H. for money loaned. Plaintiff assigned the judgment to one V., who also held a note against H. Thereupon H. gave V. a mortgage to secure both the note and the judgment. Afterwards plaintiff bought the property in question on foreclosure of the mortgage. *Held,* that a finding in favor of plaintiff, that the transaction did not amount to a transfer of the property by H. in fraud of his creditors, would not be disturbed on appeal; fraud being a question of fact, under 2 Rev. St. N. Y. p. 137, § 4.

Appeal from circuit court, Schenectady county.

Action by Mary McC. Hastings against John Clafflin and others, for trespass in wrongfully taking personal property. The defense sets up title in a judgment debtor of defendant, and justifies the seizure under an execution on the judgment, and alleges that the transfers through which plaintiff claims are fraudulent. From a judgment in favor of plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial made on the minutes of the judge, defendants appeal.

Argued before LEARNED, P. J., and MAYHAM, J.

*Michael A. Quinlan,* for appellants.   *S. W. Jackson,* for respondent.

MAYHAM, J. The plaintiff, at the time of the taking of the property, was in possession of and claimed title to the same, derived by her through transfers as follows: On the 2d of April, 1889, Mary Linn, plaintiff's mother, recovered a judgment against James Hastings, plaintiff's husband, for the sum of $1,755.87, which on the 2d of April, 1889, was assigned by Mary Linn to the plaintiff, who on the 11th of April, 1889, assigned the same to B. G. Van Zant; he being at that time the creditor of James Hastings for the amount of a $200 note held by Van Zant against Hastings. On the same day James Hastings, to secure the amount of such indebtedness by judgment and note, executed to Van Zant a chattel mortgage on the property in question, which on the 12th day of April, 1889, was duly filed in the proper town-clerk's office. On the 11th of September, 1889, Van Zant foreclosed this mortgage, and sold the property, and executed and delivered to the plaintiff, who was the purchaser at such public sale, a bill of sale of the same; and on such sale the plaintiff took possession of the property, and retained the same until taken by the sheriff by the directions of the defendants. The evidence tends to show that the judgment recovered by Mary Linn against James Hastings was for money loaned by Linn to Hastings in May, 1877, and, as it was assigned to Van Zant, it became a demand in his hands, which, together with the indebtedness of Hastings to him on the note, constituted the consideration for the mortgage, and made that a valid instrument in his hands against James Hastings, and the property covered by it, under which he could, as against Hastings, seize and sell the property, and the title acquired under that sale would be valid as against him, and also as against his creditors, unless the same was fraudulent, and the various transfers were made without consideration, and with the fraudulent intent and purpose of hindering, de-

laying, or defrauding the creditors of James Hastings. There was evidence offered on the trial tending to show that Mary Linn was the executrix of her deceased husband, and the mother of the plaintiff; that as such executrix she received into her own hands about $20,000 of the estate of her testator for distribution. By the residuary clause in the will the plaintiff was entitled to an equal share of the property devised for distribution with the other children of the testator, and that, without paying the plaintiff her distributive share, the executrix squandered the bulk of the estate, and, in part payment or indemnity for her share, her mother, the executrix, assigned to her the judgment obtained against her husband, James Hastings, which was for money loaned to him out of the funds held by the executrix belonging to the estate. In consideration of the assignment of this judgment to her, the plaintiff released her mother, the executrix, from all claims against her as executrix, or against the estate she represented. On the 10th day of June, 1889, the defendants recovered a judgment against James Hastings, impleaded with Charles F. Linn and Mary Linn, for $1,049.35, the roll whereof was on that day filed in the office of the clerk of the city and county of New York, a transcript of which was duly filed, and the judgment docketed in the office of the clerk of the county of Albany on the 6th day of August, 1889, on which an execution was on the 27th day of March, 1890, issued to the sheriff of the county of Albany, where the property in controversy was, under and by virtue of which the sheriff of Albany county levied upon such property, which he afterwards advertised, and on the 9th day of April, 1890, sold to satisfy the execution. We think the facts in this case establish the legal title to the property in the plaintiff, unless the transfers through which it was acquired were fraudulent and void as to creditors of James Hastings, and that the determination of the question of fraud from the evidence was one for the jury; and unless their determination was unsupported by the evidence, or was clearly against the weight of evidence, then the trial judge was right in refusing to set aside the verdict, and grant a new trial upon the minutes. It is true that, if the uncontradicted evidence had established a fraudulent transfer in law, so that by the undisputed facts the transfers through which the plaintiff acquired her title were fraudulent in law, then the court should have declared it void, as that would amount to a complete legal defense, which the jury would not be at liberty to disregard, (*Algeo* v. *Duncan*, 39 N. Y. 313;) but that is not this case. The most that could be claimed for the evidence is that the jury might have so construed it as to raise an inference of fraud, and, the jury having found for the plaintiff, that presumption is negatived. While it is the plain duty of the court, where the verdict is palpably against the law, applied to the facts found, (*McDonald* v. *Walter*, 40 N. Y. 553,) to set aside a verdict, the converse of the proposition is equally true,—that it is the plain duty of the court not to interfere where the law, when applied to the facts found, is in support of the verdict.

It is not denied that the court has the power, where the verdict is against the weight of evidence, and, in the judgment of the court, justice requires that the case should be submitted to another jury, to set aside the verdict, (*Dickson* v. *Railroad*, 47 N. Y. 509;) but, as it is peculiarly the province of the jury to consider and determine questions of fraud and intent, the court should not, without clear and controlling reasons, interfere with their verdict in that class of cases. The question of the existence of an intent to hinder, delay, or defraud creditors, in making a sale or transfer of property, is a question of fact for the jury. 2 Rev. St. p. 137, § 4; *Knapp* v. *Smith*, 27 N. Y. 280; *Kavanagh* v. *Beckwith*, 44 Barb. 193. The fact that James Hastings gave the mortgage in question to pay or secure Van Zant, while it may be considered by the jury upon the question of fraudulent intent, is not in itself evidence from which the jury or court are compelled to find fraud. A debtor has the right to prefer one creditor over another, even though the effect be to

prevent the other from collecting his debt. *Jewett* v. *Noteware*, 30 Hun, 194; *Billings* v. *Billings*, 31 Hun, 68; *Swift* v. *Hart*, 35 Hun, 130. The fact that the defendants gave the sheriff a bond of indemnity to sell this property is a sufficient participation in the act, if a wrong, to make them parties to it, and answerable for the consequences in an action by the party injured. Giving a bond of indemnity to induce the officer to seize particular property on execution makes the party executing such bond a trespasser, if the seizing be illegal. *Davis* v. *Newkirk*, 5 Denio, 92. Nor does the statement by the officer that he sold the right, title, and interest of James Hastings relieve them from liability to the real owner, if the property did not belong to him. The execution assumed to deal with the property, and under it the property was sold, and passed into the hands of the purchaser. That was such an interference with it as to make the defendants liable to the plaintiff, if the property belonged to her. It was not error, therefore, for the court to refuse to charge as requested by the defendants upon that subject. We have examined all the exceptions taken by the learned counsel for the defendants to the rulings and decisions of the learned judge at the trial, and find no errors for which this judgment should be reversed. Judgment affirmed, with costs.