JAMES E. NOLAN, Respondent, *against* JOSEPH I. THOMPSON, Appellant.

(Decided December 4th, 1882.)

If, after the employment of a servant, but before the term for which he is employed begins, the employer learns that the servant is a drunkard, it is sufficient ground for a refusal to accept his services.

Upon an appeal from a decision of the General Term of the Marine Court of the City of New York affirming a judgment of that court entered upon a general verdict, an error not excepted to in that court, is not ground for reversal.

APPEAL from a judgment of the General Term of the Marine Court of the City of New York affirming a judgment of that court entered upon the verdict of a jury.

The action was brought to recover damages for a breach by the defendant of a contract to employ the plaintiff. The facts are stated in the opinion.

*Robert S. Green*, for appellant.

*H. G. Batcheller*, for respondent.

VAN HOESEN, J.—The charge of the justice at the trial term of the Marine Court is somewhat involved, but as I understand it, it declares it to be the law that if a servant be engaged to serve at a future time, his employer cannot lawfully refuse to take him in his service though he learn, before the beginning of the term of employment, that the servant is a drunkard. The learned justice said: "If the month of June was optional, the defendant had no right to discharge the plaintiff in June. Here was an agreement for the months of July and August. . . . . . And if there was an engagement for those months, the defendant had no right to discharge the plaintiff without cause in the month of June; for if you discharge a person before he enters your employment, you cannot say he incapacitated himself by drink. If the plaintiff was in the defendant's employ in the month of June, he could have been discharged then as well as at any subsequent time, but if he was not, there was no cause for discharging him." The evidence showed that the defendant, after hiring the plaintiff, refused to receive him in his service because he had heard that the plaintiff was intoxicated whilst awaiting orders to begin his duties. There can be no doubt that the learned justice was mistaken in his views of the law. If the justice had properly instructed the jury, it is very probable that the verdict would have been the same as it was, for the proof that the plaintiff was drunk is very far from satisfactory.

The law, however, is, that a master may lawfully refuse to accept the services of a servant, who, after he is hired, and before his labors begin, gets drunk. There is no reason for compelling the master to take into his employment a servant who is addicted to the vice of intoxication, and it has been decided—and well decided, I think—that where a master employed an overseer, who went drunk to the master's house for the purpose of entering upon his employment, the master was justified in refusing to receive him, notwithstanding it was proved that the servant wás not in the habit of getting drunk, and that his intoxication on the occasion referred to was an exceptional instance (Wood's Master & Serv. 267, citing *Johnson* v. *Gorman*, 30 Ga. 612).

Mere suspicion is not enough, but there must be proof that the servant is unfit to be received, by reason of his vices or infirmities.

Though the instruction of the justice was incorrect, no exception was taken to it, and this court cannot, therefore, remedy the error (*Standard Oil Co.* v. *Amazon Ins. Co.*, 79 N. Y. 506). The General Term of the Marine Court might have reversed the judgment for the error in the charge though no exception had been taken, but this court, applying to appeals from the Marine Court the rules that govern the Court of Appeals in disposing of its business, will not reverse a judgment where the error complained of was not excepted to in the court below.

The exception to the statement of the judge that the defendant contended that he discharged the plaintiff for being drunk whilst in his employment is not well taken; that is exactly what the defendant did assert, for the testimony he gave, and the testimony given by his witnesses, tended to show that the plaintiff was drunk in July, during the time for which he was hired by the defendant. Though he might not have been on duty, he was undoubtedly hired for the month of July, and the defendant insisted that he discharged him in July.

The comments made by the justice upon the testimony of Mrs. Scommodon and of Patrick Malone present no case

for the interference of the court.    There was no attempt to trench upon the domain of the jury.    There is a difference of opinion as to the length to which a judge should go in commenting upon testimony that is to be considered by a jury, but there is not, in the State of New York, any rule that requires the judge to abstain from all suggestions as to the bearing and force of testimony.    The judge may freely express his opinions, provided that he plainly leaves it to the jury to determine for themselves questions of fact and questions of credibility.    If a party is dissatisfied with the opinion expressed by the judge as to a matter of fact, he should ask to have the question submitted to the jury, and it is not enough for him merely to enter an exception to the charge (3 Wait's Pr. 78).

The exception to the refusal of the court to charge that the defendant had a right to rescind the contract at any time, does not require further mention.

There is nothing in any of the other exceptions that calls for comment.

The judgment should be affirmed, with costs.

VAN BRUNT and J. F. DALY, JJ., concurred.

Judgment affirmed, with costs.