NEW YORK PRACTICE REPORTS. 207

Gibbes agt. The New York Life Insurance and Trust Company.

# SUPREME COURT.

## EMILY O. GIBBES agt. THE NEW YORK LIFE INSURANCE AND TRUST COMPANY, &c., and others.

*Voluntary deed of trust — When set aside — Effect of absence of power of revocation.*

The plaintiff sued to set aside a deed of trust to her brother-in-law of property which came to her through her mother's will. The day succeeding the mother's funeral her will was opened and accompanying it was found a letter, written ten years before, requesting plaintiff to put her share of the property in trust, and a form of deed was inclosed. The plaintiff then consented to sign the deed, which was executed a few days after, whereby she made an irrevocable settlement of her property, reserving the power of appointment, by last will and testament, in favor of those related to her by consanguinity, and in default of such appointment the trustee was to convey the estate to her children or descendants, and in case she should leave no child or descendant, the estate was to go by force of the deed to her heirs-at-law and next of kin. The plaintiff at the time of executing the instrument was in feeble health, and did not know the amount or condition of her property, and testified that she did not understand that she was making an irrevocable disposition of it. The trustee, under whose eye and with whose active co-operation the settlement was made and executed, and whose family was benefited by its terms and limitations, asked her and her sister "if they did not wish to follow the wishes of their parents, who were dead."

*Held*, that plaintiff should be relieved from the settlement, and the deed of trust should be set aside.

*Special Term, July,* 1883.

*John E. Parsons* and *J. Hamden Doughtery,* for plaintiff.

*George De Forest Lord,* for defendants.

VAN VORST, *J.*— After a careful consideration of the evidence in this case, and of all the facts and circumstances disclosed upon the trial, I am of the opinion that the plaintiff should be relieved from the settlement she made in the year

1871, and the deed of trust should be set aside. No inflexible rule can be formulated as to what state of facts would in all cases justify a court in setting aside, upon the application of the settler, a voluntary settlement. Each case must needs stand, and be determined by itself, according to what is just and right. Adjudicated cases, of which there are a large number, bear upon the general subject and should be followed where in substance the same facts and circumstances occur; but it rarely happens that two cases are alike, or that any one " has a brother." The judgment and conscience of the court, under the rules of equity and the decisions, must in the end dispose of each case by itself.

The plaintiff testifies that she did not understand the transaction, which she now asks the court to set aside, as it in the end expressed itself. She never intended to denude herself absolutely of the control of the property covered by the trust deed, and that had she understood the character of the deed, and that it was irrevocable, she would not have executed it; that its character, in this regard and otherwise, was not explained to or known by her. She wishes herself to control her property, and to make such present and future disposition of it as she chooses. Such desire is natural, and is not unreasonable on the part of this plaintiff, who is of mature years, apparently well disciplined, and who is not now wholly inexperienced in the management of property, of which she owns and controls a not inconsiderable sum. She claims to have been unduly hastened to the execution of the trust deed and to tie up her property, the amount or situation of which she did not know, and by an instrument the true character and object of which she did not at the time comprehend. I think that the evidence sustains the claim and makes out a case for relief in a court of equity. A glance at the situation and some of the facts and circumstances, I feel quite sure, will reconcile this conclusion with what is in itself just and proper, and will be found to be in harmony with what has been generally adjudicated in such cases.

The mother of the plaintiff died on christmas day, 1870. The property in question came to the plaintiff through an unqualified and unfettered bequest contained in her mother's will. The consent to the execution of a deed of trust by the plaintiff, as is claimed by and on the behalf of the brother-in-law of the plaintiff, and who was the trustee named in the instrument, was obtained the day succeeding the funeral of the mother, when the will was opened, and the forms of deeds of trust were first handed to her. The deed was executed by the plaintiff within a few days thereafter.

Accompanying the will was found a letter signed by the mother of the plaintiff, requesting the plaintiff to put her share of the property in trust, and a form of a deed was inclosed. With regard to both this letter and the form of a deed of trust, it is to be observed that they were prepared ten years before. What might have seemed proper to be advised by the plaintiff's mother ten years before, would not be so necessarily ten years later, when the legatee had gained knowledge, experience and fixedness of character, which time and opportunity afford. It is scarcely necessary to say that neither the letter nor deed of trust formed any part of and could not modify or change the testamentary disposition, which was absolute. A trust cannot in that way be created on a will. In fact, the plaintiff's mother was prohibited by her father's will, under which she held the property for her children in such proportion as she might appoint, from impressing a trust upon it. What she gave she was bound to give in absolute terms, as she did. Yet I am persuaded that the letter of her mother, and the manner in which it was presented, and the attendant circumstances, had their effect upon the mind of the plaintiff, and fettered her will.

No time seems to have been lost in hastening the conclusion. Counsel was present, who had been invited by the brother-in law, as he says, to be present at the opening of the will, and to give needed advice. And in one interview, the day after the funeral, the trust deed first presented and

changed on the instant in a very important particular, at the suggestion of the counsel and according to his idea, is claimed to have been understood and assented to by the plaintiff, and her signature to an engrossed copy, so soon as it could be prepared, with the alterations included — which had not been read by her — was obtained.

The occasion for presenting and consummating this transaction was, in a true sense, inopportune, in so far as the plaintiff was concerned.  The plaintiff had been in attendance upon her sick mother for some time before her death, and had sat up with her night after night, ministering to her wants, and was in grief at her recent death, and was in no condition of body or mind to give a proper consideration to a subject of that importance, or at that moment to give a clear and satisfactory assent to placing the property, the amount of which she did not know, under the obligations of an irrevocable settlement.  The deed cannot be said to have been her voluntary free act.  It was no suggestion of the plaintiff.  By this arrangement the plaintiff has never been allowed the satisfaction of enjoying the full possession, for any length of time, of the property which came to her in pursuance of an appointment made under the provisions of her grandfather's will, for upon the instant that she was advised of the gift she gave up its possession and control.  The haste with which this settlement was reached was neither considerate nor wise, in the condition in which the plaintiff then stood to her mother's death.

In all transactions of this character, to have the approval of a court of equity, time and opportunity for reflection and calm decision, should have been afforded.  There was not the least occasion for haste or precipitate action.  With regard to placing a portion of the share derived and bequeathed to the plaintiff, and designed for her brother, in trust, the circumstances concerning which had been explained to the plaintiff by her father long before, there was no occasion for delay.  But in respect to her own property the matter was an entire surprise,

and before an opportunity to recover from the surprise had been given, the deed was executed. And the plaintiff has in substance testified that she supposed that in order to make an effective trust for her brother, the instrument she signed with respect to her own property was necessary.

It is not important to analyze the settlement itself. It is sufficient to state that by its terms there has been reserved to the settler only the power of appointment, by last will and testament, in favor of those related to her by consanguinity, and, in default of such appointment, the trustee is to convey the estate to her children or descendants; and to this there was added by the counsel, on the occasion above mentioned, according to his notion, that in case plaintiff should leave no child or descendant, the estate was to go by force of the deed to her heirs-at-law and next of kin.

The power to appoint is, therefore, limited to the circle of consanguinity. No provision can be made for a husband, in the event that plaintiff should marry. No gift can be made to satisfy the suggestion of friendship or gratitude to persons outside of those related by blood to the settler of the trust, and no impulse of charitable or benevolent inclination can be obeyed.

I have alluded above to the adjudicated cases in a general way. To uphold a voluntary settlement of this character, made without consideration, it must appear clearly that the settler understood the nature and effect of the transaction, and that she was not unduly influenced and had sufficient "*locus penitentiæ*."

I am satisfied from the evidence that she did not clearly understand that she was making an irrevocable disposition of her property. She, as well as her sister in feeble health, was influenced by the letter of their mother and by the suggestions and action of their brother-in-law, who, with his family, had a direct interest in the execution of the deed, and who chiefly supervised or directed the matter, and who asked them " if they did not wish to follow

the wishes of their parents, who were dead." The rapidity with which the business was hastened to completion, from the opening of the will, gave no adequate time for reflection in the condition in which the plaintiff and her sister were at the time. One of the sisters has testified : "We were not given sufficient time to think it over ; my health was very bad at that time ; when I came down to the library, I hardly knew what was said to me or what I said ; I took no interest in it at all."

Nor do I think that the plaintiff had, in any true sense, as was proper that she should have had, independent counsel. By this no reflection is intended to be made upon the learned and honorable gentleman who was present and made the changes in or additions to the deed, and who directed the prep- aration of the engrossed copy for signature. He was sum- moned to be present at the opening of the will. He knew nothing, nor did the plaintiff, of the trust deed until the will was opened. And yet he may have supposed that the plaintiff knew that a deed of that character would be found with the will. He never saw the plaintiff upon the subject but on this one occasion. His recollection of what occurred is not entirely clear, but it does not appear that he explained to her the irrevocable nature of the transaction. That should have been done to justify the court in upholding this instrument.

In the English cases the effect of the absence of a power of revocation in voluntary settlements has been much discussed, some of the judges attaching more significance and importance to such omission than others.

In *Toker* agt. *Toker* (3 *De G., J. & S.*, 487) the lord chief justice said "that the absence of a power of revocation is a circumstance to be taken into account, and is of more or less weight according to the circumstance of such case."

In this state the simple absence from the deed of a power of revocation would not be regarded as of so serious moment, as its insertion might defeat the object of the settlement.

In *Henry* agt. *Armstrong* (44 *L. T.*, 913 [1881]), KAY, J., held that the absence of a power of revocation was no ground

for setting aside the deed under the circumstance of that case. The settlement there was made by a man in favor of his wife and children, and the court held that a power of revocation would have been inconsistent with the object of the deed.

But the difficulty in this case is that the settler did not understand the nature and effect of the settlement, nor was it explained to her. Such explanation is necessary in all cases, especially when the settlement is by a young woman, inexperienced in business affairs (*Upon the general subject, see Perry on Trusts, vol.* 1, *sec.* 104, *pp.* 96–100 ; *Everett* agt. *Everett, L. R.,* 10 *Eq.,* 405; *Wollasten* agt. *Tribe, L. R.,* 9 *Eq.,* 44; *Couts* agt. *Acworth,* 8 *Eq.,* 558; *Prideaux* agt. *Lonsdale,* 1 *De G., J. & S.,* 433; *Hall* agt. *Hall,* 14 *Eq.,* 365 ; *reversed on the facts,* 8 *Chy. Ap.,* 430 ; *Montford* agt. *Keene,* 19 *W. R.,* 708 ; *Phillips* agt. *Mullings, L. R.,* 7 *Ch. Ap.,* 244 ; *Frederick's Appeal,* 75 *Pa. St.,* 269 ; *Conkling* agt. *Davis, N. Y. Special Term, May,* 1878, VAN BRUNT, *J.*).

In this case I think that the plaintiff should be reinstated in the full and exclusive dominion of her property, subject to be disposed of by her as she may judge best, and if in the end those intended to be benefited ultimately by the terms of the settlement should receive the same by the free gift of the plaintiff, it will be all the more appreciated. But, if not, they can have no just reason to complain, as the right to dispose of property as the owner may determine is an incident to its ownership. The tie of blood, however, never fails to assert its claims, and is rarely overlooked when one comes to make a last will and testament.

The result is that the deed of settlement must be set aside and canceled.