MARY A. KETTLEMAN, as Administratrix of John W. Kettleman, Deceased, Respondent, *against* JAMES P. BRADT, Appellant.

(Decided June 7th, 1886).

In an action by an administratrix for money belonging to the estate of her intestate, collected by defendant as agent, plaintiff introduced in evidence an account rendered by the defendant, sufficient, with other evidence on her part, to make out a *prima facie* case. *Held,* that she was not bound thereby to allow to defendant a sum charged by him in the account for services in closing up the estate, it not being a lawful charge against her in her representative capacity.

Defendant claimed title, as against the administratrix, through an alleged sale by the intestate to his son, and an assignment by the latter to defendant. *Held,* that a charge to the jury that the claims of title of the respective parties arose from a common source—from the intestate—was not erroneous as obscuring the case so as to leave the jury in doubt as to the correct rule to follow.

APPEAL from a judgment of the General Term of the City Court of New York, affirming a judgment of that court entered upon the verdict of a jury and an order denying a motion for a new trial.

*Nelson Smith,* for appellant.

*J. Arthur Barratt,* for respondent.

BOOKSTAVER, J.—The court below having reviewed the facts, and having found that they sustained the verdict, this court cannot again review them, or interfere with the finding of the jury (*McEteere* v. *Little,* 8 Daly 167; *Nolan* v. *Thompson,* 11 Daly 316; *Schwarz* v. *Oppold,* 74 N. Y. 307; *Lane* v. *Arnold,* 99 N. Y. 648).

The only questions, therefore, to be examined, are questions of law.

The first point made by the appellant is that the court erred in refusing to dismiss the complaint. This only be-

Kettleman *v.* Bradt.

comes a question of law when there is no evidence, or not sufficient evidence to. authorize the jury to find a verdict for the plaintiff (*Pollock* v. *Pollock*, 71 N. Y. 137 ; *Parker* v. *Jervis*, 3 Abb. App. Dec. 449 ; 3 Keyes 271 ; *Lobdell* v. *Lobdell*, 36 N. Y. 327).

On an examination of the testimony, we find the evidence of the plaintiff—the manner of doing business at the stands in question, the acts of John W. Kettleman in and about the business, the fact that he collected and paid out money in the business, the manner of keeping accounts, the bills sent in, and the bill-heads sent out, the account of the defendant rendered by himself, and his letters—quite sufficient to make out a *prima facie* case.   But defendant claims that although the facts we have alluded to may have established a *prima facie* case, yet, that the account rendered by him to plaintiff showed on its face sufficient credits to balance the debits, and argues with much force—citing numerous authorities—that plaintiff having introduced the account, and accepted the benefit of the admissions against the defendant, must also accept that which is in his favor.

It is well settled " that the admissions of a party must be taken together ; and if they inculpate, and at the same time exculpate, no liability results without proof that the exculpating part is false."   But if the items or matters which tend to exculpate are bad in law, or inadmissible on their face, no proof of their falsity is required.

The debit side of the account stands uncontradicted, but the credit side shows on its face that the $300 charged by defendant for services in attending to close up the estate, is not and cannot be a lawful charge against the plaintiff in a representative capacity, and no proof was offered to sustain it.   The account is rendered to plaintiff in her capacity as administratrix, and this action is brought by her in the same capacity.   This she had a lawful right to do (Code Civ. Pro. §§ 449, 1814 ; *Thompson* v. *Whitmarsh*, 8 Civ. Pro. Rep. 183 ; *Silvernail* v. *Felts*, 18 N. Y. Weekly Dig. 124), do not support defendant's contention, for, in this case, the administratrix sues for the benefit of the estate.

As we understand it, it is only in cases of new contracts, made by the executor or administrator, and never existing in favor of the decedent, but growing out of the contracts and dealings of the former alone, that the action is properly brought in the name of the individual.

This is not such a case.

The claim by defendant of $300 for services was against plaintiff as an individual, and cannot be a legal charge against her husband's estate. This account therefore showed, under the circumstances, a clear right on the part of the plaintiff to recover the $300 in this action.

Defendant also claims that if William D. Kettleman and the deceased father were partners, or if the former carried on the business on their joint account, or were in any way interested together, the action could not be maintained. This would undoubtedly be correct if the facts in the case supported the contention. But they do not. Neither party made any such claim at the trial; the plaintiff contending that she was entitled to recover as administratrix of her deceased husband, the defendant resisting on the ground that he was the assignee of the son, to whom the property formerly belonged.

We think, therefore, that the motion to dismiss the complaint was properly denied.

The only other questions arise upon the charge of the court, and refusals to charge as requested by defendant.

The learned counsel for the defendant insists that when the court charged: " The claims of title of the respective parties arise from a common source—from John A. Kettleman— . . . . . so we have a common origin for the claims to title of this property," it obscured the case, so as to leave the jury in doubt as to the correct rule to follow in rendering a verdict.

We do not think that this could in any way have misled the jury, or left them in doubt. It plainly referred to the fact that both claims arose out of the business carried on at certain stands in Washington Market, which business was admitted to have been carried on by John W. Kettleman

prior to January 8th, 1884. That was the common origin referred to. And other portions of the charge made it clear that plaintiff claimed her title directly from John W. Kettleman as administratrix, through defendant as her agent, and that defendant claimed his title through an alleged sale by John W. Kettleman to William D. Kettleman, and a general assignment by the latter to defendant.

Defendant also claims that when the court charged : " On the part of the plaintiff it is contended that, on the 24th of December, the defendant submitted a statement of account," and the statement of the court what that amount was and the facts about it, was error, in that the court did not state everything said upon the subject, as the claim of the plaintiff, but as a fact.

In this, we cannot agree with the learned counsel. The court, on this branch of the case, started out by stating : " It is contended " &c.—i. e., it is claimed by the plaintiff. And this qualification, we think, runs through the entire charge of the court on this point, and the jury could not have understood the court as charging that what he there stated was a fact. The entire statement in regard to the account was fair, and could not have been misleading.

We think there was no error in the court refusing to charge as requested by the defendant's counsel. The court had already charged the law correctly on the points involved in some of these requests, and in the remainder of them the requests were based upon a wrong view of the law, as we think we have shown, in considering the motion to dismiss the complaint.

The judgment must therefore be affirmed, with costs.

ALLEN J., concurred.

Judgment affirmed, with costs.