(63 App. Div. 169.)

### REILLY v. REILLY et al.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. HUSBAND AND WIFE—DEED—VALIDITY—PROOF—BURDEN.

Where proof that plaintiff was an old man, and extremely ill, at the time he conveyed certain realty to his wife, and that he did not voluntarily sign or acknowledge the deed, was not contradicted by the wife, the court was justified in setting aside the deed as invalid, since the burden was on the wife to controvert the plaintiff's evidence.

2. SAME—MORTGAGE—VALIDITY—FRAUD—PROOF.

Plaintiff deeded certain realty to his wife, and while she and her husband resided on the property, and the record title stood in her name, she negotiated a mortgage on it. The deed to the wife was set aside as invalid. *Held* that, in the absence of an allegation and proof of fraud in the inception of the mortgage, it was error to set it aside as void.

Appeal from special term, New York county.

Action by Patrick Reilly against Mary A. Reilly, impleaded with Edward F. Brown, as trustee for Benjamin W. B. Brown and others. From a judgment in favor of plaintiff, Edward A. Brown appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Lawrence E. Brown, for appellant.
Alfred D. Lynn, for respondent.

McLAUGHLIN, J. This action was brought to procure a judgment setting aside a deed of conveyance of certain real estate in the city of New York, made by the plaintiff to his wife, the defendant Mary A. Reilly, on the ground that when the same was executed and delivered the plaintiff was too ill to understand the nature of his act, and also declaring void, as against the plaintiff, a mortgage given by her on such real estate to the defendant Brown as trustee. The plaintiff had a judgment setting aside the deed, and declaring the mortgage void, from which the defendant Brown, as trustee, alone has appealed. The trial court found, as a fact inter alia, that at the time of signing the deed of conveyance the plaintiff was an aged man, extremely ill, and in such a condition, mentally and physically, that he did not understand the nature of his act, and that he never knowingly or voluntarily executed or acknowledged the same. The conclusion at which we have arrived, so far as the mortgage is concerned, renders it unnecessary—inasmuch as the defendant Mary A. Reilly has not appealed—to refer to the facts incident to, or connected with, the execution of the deed of convey-

ance, further than to say there was sufficient evidence to sustain the finding of the trial court. The grantee, Mary A. Reilly, though present at the trial, did not contradict in any respect the testimony of the plaintiff. She was not sworn, and her omission to testify was a significant and material fact to be considered as bearing upon the probability of the plaintiff's testimony. The plaintiff having made a prima facie case, she was bound to controvert the same by evidence; otherwise, the plaintiff was entitled, so far as she was concerned, to the relief asked. Trust Co. v. Siefke, 144 N. Y. 354, 39 N. E. 358; Marden v. Dorthy, 12 App. Div. 176, 42 N. Y. Supp. 834. Considering the age of the plaintiff, his condition at the time the paper was executed, and the close relation existing between him and his wife, the burden was cast upon her, it being conceded that there was no consideration for the deed, to show that the transfer was the voluntary, intelligent act of the plaintiff, and that its nature and effect were fully understood by him. As was said in Marden v. Dorthy, supra: •

"Where the relations between the contracting parties appear to be of such a character as to render it certain that they do not deal on terms of equality, but that either on the one side, from superior knowledge of the matter derived from a fiduciary relationship or from overmastering influence, or on the other through weakness, dependence, or trust justifiably probable, then the burden is shifted. The transaction is presumably void, and it is incumbent upon the stronger party to show affirmatively that no deception was practiced, no undue influence was used, and that all was fair."

Here, under the proof adduced by the plaintiff, the burden of showing that the nature of the transaction was fully understood and comprehended by the plaintiff was cast upon Mary A. Reilly, and, she having failed to assume that burden, the trial court was justified in holding that the proofs warranted the conclusion at which he arrived. Barnard v. Gantz, 140 N. Y. 249, 35 N. E. 430; Mason v. Ring, 3 Abb. Prac. (N. S.) 322; Gibbs v. Trust Co., 14 Abb. N. C. 1.

But, while the court was justified in setting aside the deed, we are of the opinion that it erred in declaring the mortgage void. It was not alleged in the complaint, nor was any proof offered upon the trial, to the effect that there was any fraud in the inception of the mortgage, or that the mortgagee had notice of any fact which tended in the slightest degree to impair either the legal or equitable title of the mortgagor. The record title was in the mortgagor, and she was in possession of the land upon which the mortgage was given. It is true she there resided with her husband, but her possession, by reason thereof, was not destroyed or lessened in any respect. Under the statute, a married woman may hold real estate in her own name. She can buy and sell it in precisely the same way as if she were unmarried. She can do this even against the objection of her husband, and his consent is not necessary to the validity of her act. In Mygatt v. Coe, 152 N. Y. 457, 46 N. E. 949, it is said:

"She holds possession of her lands as completely as if she were a feme sole, and delivers such possession to a purchaser by the same act or instrument as would have been effectual for that purpose before her marriage. If the real estate be a dwelling house in which she resides, the presence of her husband there as the head of the family cannot in the least detract

from her full possession and ownership. Her title and possession are consistent with all the rights and duties that arise out of the marital relations. * * * Any other rule would tend to make the title and possession of a married woman to her separate real estate less secure than that of her husband or that of a stranger to his property."

Here the mortgagee, after an examination of the records, found the legal title in the wife. He found her in possession of the land, living with her husband. He actually paid to her the consideration expressed in the mortgage. Under such facts, in the absence of proof tending to show that he had notice that her title and possession were not what they purported to be, he was justified in doing what he did. The general rule is that, where one of two innocent parties must suffer from a wrong, he must bear the loss whose action enabled the wrong to be done. Marden v. Dorthy, 160 N. Y. 39, 54 N. E. 726. It was the act of the plaintiff which rendered it possible for the defendant Mary A. Reilly to give the mortgage, and, the defendant Brown having in good faith advanced money upon the strength of her apparent title, we think it must be held that the mortgage is a valid lien upon the land as security for the money advanced. The deed was not void, it was only voidable; and until it had been set aside, or notice in some way given, a person dealing in good faith with the grantee, and parting with money on the strength of her title, should be protected.

The judgment appealed from should therefore be modified to the extent of holding that the mortgage is a valid lien upon the premises described for the amount therein specified, with interest thereon, and as so modified affirmed, without costs to either party. All concur; VAN BRUNT, P. J., in result.