MEYERS *et al. v.* STIX *et al.*

(*Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. RELEASE OF CLAIM—VALIDITY.

Defendants' firm being indebted to an amount much exceeding their assets, among others to plaintiffs, an oral agreement was entered into between plaintiffs, C., and defendants, that defendants' firm should transfer all their assets to C., in consideration whereof C. was to pay the claims of all their creditors except plaintiffs; and in consideration of such transfer by defendants, and such promise by C., plaintiffs agreed to release their claim against defendants. In pursuance thereof, the assets of defendants' firm were transferred to C., and he paid all outstanding claims against them except plaintiffs'. *Held,* that plaintiffs' promise to release their claim was binding on them, and, having been made to defendants as well as to C., was available to defendants against an action on the claim; and that, the agreement having been fully performed on the part of the other parties to it, plaintiffs could not object to it for want of mutuality.

2. SAME—PROMISE NOT IN WRITING.

An agreement to release a demand growing out of a simple contract may be valid, although not in writing or under seal.

Appeal from city court, general term.

Action by George H. Meyers and Jacob Meyers against Elias Meyers, Lena Stix, and Jacob W. Mayer. Defendants Lena Stix and Jacob W. Mayer answered the complaint. At the trial thereon, the court directed a verdict for plaintiffs. Said defendants appeal from a judgment of the general term of the city court affirming the judgment entered on the verdict, and affirming an order denying a motion for a new trial. For former report, see 9 N. Y. Supp. 805.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Samuel W. Weiss,* for appellants. *Charles Meyers,* (*Richard M. Henry,* of counsel,) for respondents.

BISCHOFF, J. This action was brought by the plaintiffs to recover the sum of $306.79, the balance of an account for goods sold and delivered by the plaintiffs to the defendants. The answer did not deny the indebtedness, but set up as a defense to plaintiffs' claim an alleged agreement made prior to the commencement of the action, pursuant to the terms of which, for a sufficient consideration, the defendants claimed to have been released and discharged from the payment of the demand sued upon. On the trial the affirmative was on the defendants, and the only evidence given in support of the defense was the

testimony of one Joseph F. Cullman. On this evidence the defense rested, and the trial justice thereupon directed a verdict in favor of the plaintiffs. The defendants then moved upon the minutes to set aside the verdict, and for a new trial, upon the ground that the verdict was contrary to the law and to the evidence. This motion was denied, and from the judgment entered upon the verdict, and from the order denying a new trial, the defendants appealed to the general term of the court below, where the judgment and order were affirmed.

From an examination of the opinion on the motion for a new trial, it is apparent that the learned justice misapprehended the testimony of the defendants' witness Cullman. He says: "The defendants did not know of the transaction said to have operated as a release until they interposed their plea setting it up." This conflicts with the testimony for the defense, which, for the purposes of this appeal, must be assumed to be true. Cullman distinctly and explicitly testified that at the time of entering into the agreement to release the defendants there were present, of defendants' firm, Elias Meyers and Jacob W. Mayer. The testimony is as follows: "The following evening we met again at the office of Meyers, Stix & Co. At this first conversation there was present, I think, Mr. Abe Meyers only, of Meyers Bros., and besides, Elias Meyers, Robert Stix, Jacob W. Mayer, the book-keeper, and Joseph F. Cullman. They met by appointment the following day, and there was present there Abe Meyers, George Meyers, one of the plaintiffs,—I think that is his name,—and Charles Meyers. We again referred to the condition of the firm. He reprimanded Meyers, Stix & Co. again for having returned goods as promiscuously as they did, and having reduced their indebtedness as they did, and he said: 'Well, how shall I arrange this, or how can it be arranged?' I said to them: 'See here; your assets are about six hundred dollars. We are morally responsible for notes of seventy-five hundred dollars discounted at the Seventh Ward Bank. If you will transfer your assets to us, we will take care of those notes, and release you from all indebtedness thereon;' and I said to the Meyers Bros. then, 'And further than that, if you will release your claim, which is only a bagatelle, we will lift the balance of the merchandise indebtedness as it becomes due;' to which Mr. Meyers said, 'Will you?' I said, 'We will.' He said, 'If you will, we, Meyers Bros., release our claim, —we relinquish our claim, or waive our claim.'"

The foregoing testimony we think establishes the fact that, at the time of the making of the alleged agreement for the release of the defendants, there were present George H. Meyers, one of the plaintiffs, Elias Meyers and Jacob W. Mayer, two of the defendants, and Joseph F. Cullman. The statement in the opinion of the trial justice, to the effect that the defendants did not know of the alleged agreement until after the commencement of this action, appears to be irreconcilable with the evidence, and this error may have induced the direction of a verdict for the plaintiffs, as well as a denial of the motion for a new trial, and has probably misled the justices sitting at the general term of the court below. The facts, as we understand them to be established by the evidence, are that George H. Meyers, one of the plaintiffs, with Abe Meyers, who appears to have acted for the plaintiffs, Joseph F. Cullman, and Elias Meyers and Jacob W. Mayer, two members of defendants' firm, met pursuant to appointment at the business office of the defendants' firm, and a trilateral verbal agreement was then and there entered into between the plaintiffs of the one part, Joseph F. Cullman of the second part, and the defendants' firm, Meyers, Stix & Co., of the third part, to the effect that the defendants' firm should transfer all their assets to Cullman, in consideration of which transfer Cullman was to pay the claims of all creditors of defendants' firm excepting the plaintiffs, and the latter, in consideration of the transfer by the defendants' firm and Cullman's promise to pay the creditors' claims, were to waive their claim against the defendants' firm, and release them from the payment thereof. It

also appears that defendants' firm, in pursuance of their promise, transferred their assets to Cullman; and that Cullman, pursuant to the promise on his part, and prior to the commencement of this action, paid all outstanding claims against the defendants' firm except that of the plaintiffs. Hence there does not appear to be any tenable ground for holding that plaintiffs are not bound to abide by their promise to abstain from the enforcement of the claim in suit. The promise to waive their claim, and to release defendants' firm therefrom, was made not only to Cullman, but to the defendants as well; and the rules governing the decision in *Lawrence* v. *Fox*, 20 N. Y. 268, and the cases following that, and those distinguished therefrom, can have no application to the case now before us. The class of cases referred to are those wherein persons for whose benefit the promise was made, but who are not privy to the contract, sought to enforce the agreement; while in this case the promise was made directly to the defendants, who were parties to the agreement of which plaintiffs' promise was a part.

Before performance on the part of Cullman by the payment of the outstanding obligations of defendants' firm, it might have been urged that the agreement entered into, as above stated, was inoperative for want of mutuality, because of the fact that the creditors of the defendants' firm, being strangers to the agreement, could not have enforced Cullman's promise to pay their claims; and also that, as Cullman's promise to pay such claims was not in writing, and subscribed by him, it was void, under the provisions of the statute of frauds, requiring all promises to answer for debt, default, or miscarriage of another person to be in writing, and subscribed by the party to be charged thereby. See 3 Rev. St. (Banks Bros'. 7th Ed.) p. 2327. It is too late, however, for the plaintiff to urge, as an excuse for their withdrawal from the arrangement entered into, that the agreement was inoperative for want of mutuality, after the other parties to the agreement have fully and completely performed the promises on their part made, respectively, in consideration of plaintiffs' promise, and in full reliance upon the performance of that promise. "When the defendant has had the benefit of the consideration for which he bargained, it is no answer to an action brought against him to say that the plaintiff was not bound by the contract to do the act. Thus, in the case of guaranty, suppose I say: 'If you will furnish goods to a third person, I will guaranty the payment.' There, you are not bound to furnish them; yet, if you do furnish them in pursuance of the contract, you may sue me upon my guaranty. So, if a person says, 'In case you choose to employ this man as your agent for a week, I will be responsible for all such sums as he shall receive during that time, and neglect to pay over to you,' the party indemnified is not, therefore, bound to employ the person designated by the guaranty, but, if he does employ him, the guaranty attaches, and becomes binding on the party who gave it." Add. Cont. § 1, par. 18. See, also, 1 Pars. Cont. p. 448 *et seq.* In *Willetts* v. *Insurance Co.*, 45 N. Y. 45, it was held that, though a promise be void when made, because the promisee was not bound to do the act in consideration of which the promise was made, it will nevertheless become binding and operative, if the promisee do the act before the promise is withdrawn. And in *Sands* v. *Crooke*, 46 N. Y. 564, Judge RAPALLO, delivering the opinion of the court, (unanimously concurred in,) says: "But, assuming that no obligation on the part of the plaintiffs was created at the time defendant's promise was made, and that his promise or guaranty was merely on condition that the plaintiff should perform the specified acts, yet the acceptance of the guaranty, and full performance under it of the conditions, would render it obligatory upon the defendant." And again, in *White* v. *Baxter*, 71 N. Y. 254, Judge RAPALLO says: "After the promisor has had the benefit of the consideration for which he bargained, it is no defense to say that the promisee was not bound by the contract to do the act." Judge ANDREWS, also, in commenting on the rule maintained in

the cases cited, says approvingly: "When a defendant has actually received the consideration of an agreement by a voluntary performance of an act by the other party, upon his promise or suggestion, such performance constitutes a consideration which will uphold the defendant's promise." The promise of the plaintiffs was substantially as follows: "If you (Meyers, Stix & Co.) will transfer your assets to Cullman, and if you (Cullman) will pay all outstanding obligations of Meyers, Stix & Co. excepting the one to us, we (Meyers Bros.) will waive our claim against Meyers, Stix & Co., and agree to release them from the payment thereof." It remained optional with Meyers, Stix & Co. to transfer their assets to Cullman, to whom they were in no wise indebted, and for Cullman to pay the outstanding obligations of Meyers, Stix & Co. It not appearing that plaintiffs' promise was withdrawn before performance by Meyer, Stix & Co. and by Cullman of the acts constituting the consideration therefor, the plaintiffs' promise became obligatory, and they cannot now assert their claim in defiance of their agreement to waive it, and to release the defendants from all obligation thereunder. It is not sufficient for plaintiffs to contend that they derived no benefit from the performance of the other parties to the agreement. It was sufficient for such other parties to do something which they were under no legal obligation to do, and notwithstanding that the performance of these acts resulted exclusively in a benefit to one or more of the parties to whom the promise was made. The principle underlying this case is not distinguishable from that upon which *Therasson* v. *Peterson*, *41 N. Y. 636, was decided. In that case it appeared that the plaintiff and other creditors agreed to release the defendants from the payment of their respective claims in consideration of the defendants' assignment of all their partnership effects to three of the creditors named, in trust to be converted into money, and divided *pro rata* among his creditors named, and the court unanimously held this agreement binding as an accord and satisfaction, and the defendants discharged from further payment. We know of no statute pursuant to the provisions of which an agreement to waive or release a demand growing out of a simple contract, or for the accord and satisfaction of such a demand, is required to be either in writing or under seal; and at common law, to render such agreement or release effectual, it was only requisite that it should be founded upon a sufficient consideration. If the agreement or release was under seal, the seal of itself, and without further proof, imported a consideration. But proof of a consideration other than that imported by the seal was sufficient to discharge the debt, though the promise to discharge the debt was verbal. The foregoing views render the reversal of the judgment and order appealed from inevitable. The order of the general term of the city court, affirming the judgment, and affirming the order denying the motion for a new trial, and such judgment and order, are hereby reversed, and a new trial ordered, with costs to abide the event. All concur.