(7 Misc. Rep. 574.)

### MEYERS et al. v. STIX et al.[1]

(City Court of New York, General Term. March 31, 1894.)

RELEASE OF CLAIM—VALIDITY.

Defendants' firm being indebted to plaintiff and others to an amount exceeding their assets, an oral agreement was entered into between plaintiff and one C., in the presence of defendants, that all the firm assets should be transferred to C., in consideration of which C. agreed to pay the claims of all the firm creditors, except plaintiff, and plaintiff agreed to release his claim against defendants, and the transfer and payments were made accordingly. *Held*, that plaintiff's promise to release was made to defendants as well as to C., and was therefore available to defendants in an action on the claim.

Appeal from trial term.

Action by George H. Meyers and another against Lena Stix and Jacob W. Mayer, impleaded, etc., for goods sold and delivered. There was a judgment in favor of defendants, and plaintiffs appeal. Affirmed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Charles Meyer, for appellants.
Samuel W. Weiss, for respondents.

McCARTHY, J. The statement of facts as presented by respondents in their brief is a fair, full, and concise one. It is as follows: This is an appeal from a judgment entered upon the verdict of a jury, and from an order denying a motion for a new trial upon the minutes. The action is brought to recover for goods sold and delivered by the plaintiffs to defendants. The answer admits, by nondenial, the allegations of the complaint, and sets up a release and extinguishment of the demand. The defendants composed the firm of Meyers, Stix & Co., the defendant Elias Meyer being the brother of plaintiffs and of plaintiffs' attorney, the defendant Lena Stix being the sister of Joseph F. Cullman and Jacob F. Cullman, and the defendant Jacob W. Meyer being the foster brother of said Cullmans. In the latter part of 1886 defendants' firm was insolvent. Besides being indebted to the plaintiffs on the demand in suit, they were indebted on two notes, respectively, for $5,000 and $2,500, made by one Lippman to their order, indorsed by them, and held by the Seventh National Bank, on a similar note for $4,000 held by the Mechanics' & Traders' Bank; and were fur-

[1] Affirmed. See 28 N. Y. Supp. 1144.

ther indebted to merchandise creditors. Said Cullmans discovered the insolvency of defendants' firm, and intervened to prevent a failure in the family. They caused defendants to return merchandise to such creditors who would accept thereof, and to pay balances to such creditors in cash, and this method of liquidation went on until January 22, 1887, when no other creditors would accept merchandise, and defendants' firm had scarcely any assets remaining. On January 22, 1887, the above-mentioned indebtedness to plaintiffs and to the banks still existed, while the merchandise indebtedness was reduced to about $3,133; making a total of indebtedness of about $15,000. Their assets were then nominally about $6,000. The Cullmans had no pecuniary interest in defendants' firm, and neither they nor their firm of Cullmans & Rosenbaum were creditors. They had introduced Meyers, Stix & Co. to the Seventh National Bank, and, on the strength of that recommendation, had a credit established for them, and felt morally bound to protect the two notes above mentioned, held by that bank. They had not guarantied these notes. Their relation to these notes was duly explained to the attorney for plaintiffs, who drew the bill of sale below mentioned. On January 22 or 23, 1887, at the place of business of defendants' firm, Joseph Cullman· met a representative of plaintiffs, who gave the information that plaintiffs were creditors; this representative was offered merchandise in settlement of their claim, but insisted on getting the merchandise on a basis of 20 per cent. below cost, and this was refused. Pursuant to an arrangement made with this representative, a meeting was had at defendants' place of business on January 24, 1887. There were present at this meeting, the two Cullmans, Abe Meyers (said representative), George H. Meyers, one of the plaintiffs, Charles Meyers, the brother and attorney of plaintiffs, Robert Stix, the husband and representative of the defendant Lena Stix, Jacob W. Mayer, one of the defendants, Elias Meyers, the remaining member of the firm of Meyers, Stix & Co., and Jacob Lippman, the bookkeeper of such firm. What occurred at this meeting is testified to by Joseph F. Cullman, as follows:

"I was asked by Mr. Abe Meyers: 'Have you thought of the matter? How can we arrange this thing? How can they be pulled through?' I said, 'Yes.' 'Well,' says he, 'how can it be done?' Mr. Abe Meyers said that,—in the presence of George Meyers, Charles Meyers, and all the members of the firm, he said, 'How can it be done?' I conferred with my brother, and turned around to them,—all of them,—and said: 'See here; your assets show about $6,000, nominally: We, as you know, are morally responsible for the notes that have been discounted at the Seventh National Bank. If you will transfer to us your assets, we will lift these notes, and release you from all liability thereon.' And then I turned to Meyers Brothers, and said: 'Further than that, if you will relinquish your claim, which is mere bagatelle,—just a trifle,— we will pay the balance of their merchandise indebtedness as it becomes due, and the note of the Mechanics' & Traders' Bank, or the accounts, indebtedness, as they will appear upon the books.' Mr. Meyers said, 'Will you do that?' I said, 'We will.' He said, 'If you will do that, we (Meyers Brothers) waive our claim against Meyers, Stix & Co.''

This evidence was corroborated by Jacob Cullman, by Robert Stix, and by Jacob Lippman. In making this arrangement, Abe

Meyers acted as spokesman for plaintiffs, and when, in consideration of the Cullmans' paying the balance of the merchandise indebted‧ ness, he agreed to the release of the plaintiffs' demand in suit, the plaintiff George Meyers was present, and did not dissent from the arrangement, but assented thereto. Abe Meyers reprimanded the members of the firm of Meyers, Stix & Co. for having returned so much merchandise, and for having nearly no merchandise indebtedness and so great an indebtedness to the banks. The drawing of the bill of sale to effectuate the transfer of assets to the Cullmans was left to plaintiffs' attorney. He prepared Exhibit A. It was executed and delivered by defendants on January 25, 1887. Under it, the Cullmans took possession of the assets of Meyers, Stix & Co. Under agreement reached on January 24th, the Cullmans paid the two notes held by the Seventh National Bank, the note held by the Mechanics' & Traders' Bank, and paid every dollar of merchandise indebtedness (except that to plaintiffs) of Meyers, Stix & Co. as they respectively matured. The Cullmans received from the assets transferred to them $3,346.64. The branch of the arrangements to take up the notes ($7,500) held by the Seventh National Bank cost them, therefore, about $4,150. The other branch of the arrangement, for which plaintiffs gave up their claim of about $300, cost them $4,500 for the note held by the Mechanics' & Traders' Bank, and $3,133.06 paid merchandise creditors, or a total of about $7,600. The total expense they were put to in carrying out the arrangement was nearly $12,000. They have not had any part of this returned.

The plaintiffs denied the making of any such agreement, and claimed that the defendants were indebted to them. But the learned chief justice submitted the questions of‧ fact to the jury, and they rendered a verdict in favor of defendants. The trial justice, having submitted the question of the agreement in his charge without objection, and again on the request of plaintiffs' counsel, and the jury having found against the plaintiffs, that question is settled and disposed of so far as we are concerned, unless the verdict was against the evidence or weight of evidence. It is clear from an examination of this appeal that, although the evidence was conflicting, yet there was sufficient to sustain such finding by the jury. This also applies as to the question of performance. As to the question of law, which means the effect and result of this agreement, we can do no better than to reassert and reaffirm the law as laid down in the able opinion of Bischoff, J., in Meyers v. Stix (Com. Pl. N. Y.) 13 N. Y. Supp. 301, which clearly and unmistakably covers this case in every particular. This case needs no better support. Judgment is therefore affirmed, with costs. All concur.